STATE OF KANSAS *ex rel.* MOULTON G. FARNHAM *v.* WM. E. BOWKER, Treasurer Shawnee County, Respondent.

### *Error from Shawnee County.*

*Held* that the ten per cent. penalty, required by former laws, to be added to taxes in case of failure to pay by the first of January, became, when added, a part of the taxes, and must be included in the taxes upon which, in case of redemption or transfer, the ten per cent. penalty provided for by the 88th section of the tax law of 1866 (Law of 1866, p. —), is to be calculated.

Brief of respondent.

"Principal," as used in sec. 88, ch. 118, L. '66, includes the amount of the tax and penalty in each year.

The costs of sale, *semble*, in addition to ten per cent. on the amount of the "principal," as defined above, should have been tendered.

The case at bar was one brought by relator for a mandamus against the treasurer of the county of Shawnee, to compel him to assign a certificate of land sold for taxes on the 4th of May, 1864, for the delinquent taxes of 1863. The application was made under § 9, chap. 37, L. '64, p. 72, and under §§ 74, 88, act of Feb. 27, '66, on taxes. The application was denied, to which order exceptions were taken, and the action brought to this court for review.

*A. L. Williams,* for the appellant.

*Attorney General, J. D. Brumbaugh,* for respondent.

*Brumbaugh,* for the respondent, submitted:

1. The latter clause of sec. 88, of the law of 1866, is in conflict with sec. 1, art. 11, of the constitution of the state. To allow parties to redeem, by paying the tax, cost, and ten per cent. penalty, after the 1st day of June, 1866, while the law requires parties redeeming prior to June 1st, to pay the tax, costs, penalty, and fifty per cent. interest, destroys that equality in the payment of the taxes contemplated by the constitution.

2. The law is not uniform in its operation, as is required. (§ 17, *art. 2, Const.*) Under this law, in some counties, treasurers allow redemptions and purchases of certificates from the county, while in others they do not, at the rates above indicated.

3. Sec. 88 of the tax law is in conflict with sec. 1, art. 10, of the federal constitution. The counties have a vested right in these certificates; so have the townships and school districts. Each have issued and negotiated bonds, pursuant to law, which are held by persons, in good faith, who rely upon the tax collected to pay them. This cannot be done, with the enforcement of this law of 1866.

4. The ten per cent. penalty tendered, did not include the penalty provided by law. That penalty was due without the law of 1866. That provides for a penalty on what was due before its operation. *Comp. L.*, 865, § 34; *L.* 1863, *p.* 105, § 24.

5. There was no authority for a transfer of the certificate, by respondent, until an order was made therefor by the county commissioners. No such order appears.

*By the Court*, SAFFORD, J.

The petition of the relator shows upon its face that he is not entitled, under the law, to the relief sought. It appears that on the 11th day of July, 1866, he made his application to the respondent, as treasurer of Shawnee county, for an assignment and delivery to him, of a certain tax certificate held by Shawnee county, said application being based upon the provisions of sec. 9, chap. 37, laws of 1864, and secs. 74 and 88, chap. 118, laws of 1866. He tendered to the respondent, as such treasurer aforesaid, the amount of taxes, costs, and penalty due on the land covered by the certificate in question, for the years 1863, 1864 and 1865. This was not a sufficient tender to entitle him to demand and receive the tax certificate. The penalty of ten per

cent., which was added to the amount of taxes due on the 12th day of January, in each year, as by law it was provided should be done, in case the taxes of the previous year should remain unpaid on that day, when so added, became, and by operation of law, was a part and parcel of the taxes due. § 24, *Chap.* 60, *Laws of* 1863.

The amount, then, of the tax and penalty, in each year, would constitute the principal, as the term is used in sec. 88, chap. 118, laws of 1866, above referred to. Therefore, in addition to such amount for each year, it was necessary for the relator to tender to the treasurer the amount of the costs of sale, and ten per cent. on the amount of principal, as we have held that word to mean as above, which, in this instance, would amount in the aggregate, to a larger sum than was tendered. Failing, therefore, to bring himself within the meaning and provisions of the law governing the terms of his application to the treasurer, as shown in the record, the relator must be denied the relief prayed for. Other questions raised by counsel will not be considered.

All the justices concurring.