KANSAS PACIFIC RAILWAY CO. v. S. AMRINE, *as Treasurer, &c.*

1. TAXES; *Ten-Per-Cent. Penalty.* The ten-per-cent. penalty required by law to be added to taxes in case of failure to pay by the tenth day of January, becomes when added a part of the taxes due.

2. ORDER OF SUPREME COURT; *Judgments and Decrees of District Court—Construction of.* An order of the supreme court directing the entry of a particular decree, and the entry of a decree or judgment by the district court, requiring a party to do a particular act by a certain designated day or in default thereof that such party shall be debarred from a certain right claimed by him, should not be held and construed as prohibiting such party from litigating any question which should properly arise

under such order, decree, or judgment, and which such party has a right
to litigate. All such orders, judgments, or decrees, should be regarded
as made in the spirit of a court of equity; and where questions arising
thereunder are properly and diligently litigated by the party required to
perform the designated act within the designated period, and such litiga-
tion is not terminated until after the designated day, the party will not be
held to have lost his rights under such order, judgment, or decree by
reason of such litigation and delay; but the court should, in the spirit
of a court of equity, extend the time for the performance of such act to a
day subsequent to the termination of such litigation.

### Error from Saline District Court.

AT the July Term 1871 of this court the case of the *Kan-
sas Pacific Rly. Co. v. Russell, as Sheriff,* and *S. Amrine, as
Treasurer, &c.,* (8 Kas., 558,) was heard and decided. By the
decision of this court in that case the assessment of the property
of said *Railway Company* in Saline county for the year 1868,
as made by the county clerk, on the basis of $10,000 per mile
of their railway track, was adjudged to be valid, while the
proceedings of the county board in raising said valuation were
held to be illegal and void. The cause was remanded with
directions to the district court, (8 Kas., 565,) that, if said
*Railway Company* should within a reasonable time to be fixed
by said court pay the taxes due upon said basis of $10,000
per mile, then a perpetual injunction should be decreed as to
the residue of the taxes claimed, etc. The mandate, with
these directions, was received and entered at the April Term
1872 of the district court: and said district court thereupon
made an order requiring said *Railway Company* to pay to
said *S. Amrine,* as county treasurer, for the use of Saline
county, the taxes due on said basis of $10,000 per mile, on
or before the 15th of June 1872, in accordance with the
instructions of this court.

The *Railway Company* tendered to the county treasurer the
sum of $9,893.75, claiming that that was "the amount of the
taxes due upon the valuation of $10,000 per mile of said railway
embraced in the order of said district court." The treasurer
refused to receive said sum as and in full discharge of said
taxes, but demanded in addition to said amount the further

sum of $989.38, being the ten-per-cent. penalty prescribed by § 79 of ch. 107 of the general tax law, (Gen. Stat., 1045.) The *Railway Company* refused to pay said last-named sum, and on the 15th of June 1872 applied to the judge of the district court, at chambers, for an order enjoining and restraining *Amrine,* as county treasurer, from issuing his tax warrant to the sheriff to collect said taxes. The district judge denied the motion, and refused to issue the injunction prayed for. The *Railway Company* excepted, and now brings the case here, assigning the refusal to grant the injunction as error.

*J. P. Usher, E. W. Dennis,* and *McClure & Humphrey,* for plaintiff in error:

Said sum of $989.38 is an illegal demand. It is not denied that the said sum of $9,893.75 is the proper amount of the taxes levied on the basis of $10,000 per mile, and the sum of $989.38 is demanded as a penalty, which it is claimed should be added to the taxes due. The language of this court is, it would seem, sufficiently explicit, and can hardly be misunderstood. It is "that if the plaintiff shall within such reasonable time as shall be fixed by said (district) court pay the taxes due on the basis of $10,000 per mile," etc. It could hardly be contended that the plaintiff is obligated to pay under said order anything not embraced in it; nor that anything can be legally demanded of the plaintiff in pursuance of it which the court by its mandate has not required the company to pay.

The court has required the plaintiff to pay the *taxes* due on the basis of $10,000 per mile. Nothing is said in the order about the payment of a *penalty* of ten per cent. upon the amount of the taxes due on the ascertained legal basis of valuation; and unless the penalty which is imposed in certain cases comes properly under that designation it could not have been contemplated by the court in making its order to obligate the plaintiff to pay in addition to the taxes due ten per cent. thereon as a penalty. Taxes are defined to be burdens or charges imposed by the state upon persons or property to

raise money for public purposes. (Blackwell on Tax Titles, p. 1.) A penalty is a fine or pecuniary punishment inflicted for some violation of law, or other legal delinquency. It is in no case imposed as a charge upon persons or property for the purpose, or with a view of raising money for public use. If the penalty became a part of the taxes when imposed upon delinquents it would be unnecessary to direct the sheriff in the tax warrant to levy the amount of unpaid taxes *and the penalty* thereon; § 123 of the tax law.

Whatever delay has been occasioned in the payment of these taxes has been due to the misconduct of the officers of Saline county in laying an illegal assessment on the plaintiff's property. They mingled with a tax that was legal taxes that were illegal; and by insisting on an illegal and unjust demand rendered it necessary for plaintiff to resort to a suit for its own protection. The day of payment was necessarily postponed by the proceedings to abate the illegal charges. This court, after annulling that part of the said taxes adjudged to be illegal and void, ordered that a day of payment be fixed in lieu of the day fixed by statute, already passed. Until that day arrived the taxes, in judgment of law, *were not due;* and until a failure to pay on the day named by the court, to-wit, the 15th of June, the plaintiff was not delinquent, and of course subject to no fine or penalties, which are imposed for delinquency only.

*J. G. Mohler,* county attorney of Saline county, for defendant in error:

The legislature, in the exercise of the taxing power, has regulated the time, mode and manner of levying, assessing and collecting taxes. See general tax law, Gen. Stat., ch. 107, 1019, et seq. In the case in hand plaintiff's property was assessed in 1868 and the taxes were levied upon that assessment at a valuation of $10,000 per mile, making the amount of the tax $9,893.75. This amount was due November 1st, 1868: Tax law, §§ 73, 74. This tax was not paid; nor was the amount thereof tendered to the treasurer of Saline county

at any time prior to the 15th of June 1872. This tax not having been paid before the 10th day of January 1869 it became subject to have *added thereto* a penalty of ten per cent. on said taxes, which sum $989.38 became a part of the taxes due from plaintiff on the 11th of January 1869: § 79 of tax law.

The position taken by plaintiff in error, that the court "ordered that a day of payment be fixed in lieu of the day fixed by statute, already passed," and the taxes "were not due and until a failure to pay on the day named by the court," is untenable; and its statement is its sufficient refutation, for the court has no legislative power, and cannot repeal an express provision of the statute.

The opinion of the court was delivered by

KINGMAN, C. J.: This case involves the single question of whether the ten-per-cent. penalty added to taxes for non payment on the 10th day of January, becomes a part of the taxes. This was decided in the case of *The State, ex rel. Farnham, v. Bowker*, 4 Kas., 114, wherein the learned judge delivering the opinion of the court says, "that the penalty became and by operation of law, was a part and parcel of the taxes due." That decision is satisfactory, and disposes of this case. The judgment is affirmed.

All the Justices concurring.

—THE foregoing opinion was filed on the 15th of November 1872, and on the 22d of January 1873 the plaintiff filed another petition in error in this court, for the review of another order of the district court. On the 23d of November 1872 the *Railway Company* paid to the county treasurer of Saline county the sum of $10,883.13, being $9,893.75 original taxes, and $989.38 ten-per-cent. penalty. Said company thereupon applied to the district court of Saline county, (the November Term thereof for 1872 being then in session,) for a perpetual injunction, as prayed for in its original petition, restraining the collection of all the taxes levied upon the

valuaton of its property for the year 1868 in *excess* of the valuation of $10,000 per .mile. (The county board had illegally increased · the valuation from $10,000 per mile to $16,000 per mile, or from the aggregate of $320,000 to $512,000, thereby increasing the taxes from $9,893.75 to $17,322.25. 8 Kas., 558–561.) The defendants, the county treasurer and sheriff, resisted plaintiff's application for a perpetual injunction, claiming that as the *Railway Company* had not paid said $9,893.75 taxes and the ten-per-cent. penalty thereon within the time fixed by the order of the district court, (June 15th 1872,) the company had lost all ·right to have any portion of the taxes enjoined; and the district court overruled and denied plaintiff's motion for such injunction, and dismissed plaintiff's petition. The *Railway Company* excepted, and brought the record here for review. The case was heard at the JANUARY TERM 1873, and the opinion was filed April 9th, 1873. (No briefs.)

*E. W. Dennis,* and *McClure & Humphrey,* for plaintiff.

*J. G. Mohler,* county attorney, for defendant.

The opinion of the court was delivered· by

VALENTINE, J.: This is the third time that this action has been before us; or, perhaps, more properly speaking, it is the third time that questions connected with the subject-matter of this action have been brought to this court. The action as it is now presented involves principally the construction of an order made by this court when the case was first presented to us, (*K. P. Rly. Co. v. Russell and Amrine,* 8 Kas., 558.) Said order reads as follows:

"The case will therefore be remanded to the district court of Saline county, with the instruction that if the plaintiff shall within such reasonable time as shall be fixed by said court pay the taxes due upon the basis of the valuation fixed by the county clerk, to-wit, $10,000 per mile, then a perpetual injunction shall be decreed as prayed for; otherwise the judgment heretofore entered in favor of the defendants shall be affirmed." (Opinion, 8 Kas., 565.)

In pursuance of this order the district court of Saline county made an order, that "if the plaintiff should on or before the 15th of June 1872 pay to the treasurer of Saline county the taxes due on the basis of $10,000 per mile the collection of said taxes should be perpetually enjoined." In pursuance of these orders, and within the time limited, the Railway Company tendered to the treasurer of Saline county the full amount of the taxes as they were originally assessed on a basis of $10,000 per mile valuation, but did not tender the ten-per-cent. penalty which had at that time accrued under the statute which requires a ten-per-cent. penalty to be added on the 10th of January of each year to all delinquent taxes. (Gen. Stat., 1045, § 79.) The company claimed that the said order of the supreme court did not require them to pay said ten-per-cent. penalty. The defendants on the contrary claimed that it did. The question was brought to this court, and we decided that the ten-per-cent. penalty when added became a part of the taxes, and was therefore included in said order and must therefore be paid. (*Ante,* p. 322.) This decision was made after the 15th of June 1872, to-wit, on November 15th 1872. On the 23d of November 1872 the railway company paid all said taxes, together with the ten-per-cent. penalty, on a basis of $10,000 per mile valuation. The defendants however then claimed that the railway company had forfeited all rights that it had obtained under the orders of this court and the district court by not paying said ten-per-cent. penalty on or before the 15th of June 1872, as ordered by the court; and they further claimed that by said forfeiture on the part of the railway company the defendants obtained the right to collect certain other taxes and penalties from the railway company which had previously been declared valid by the district court but had been declared illegal and void by the supreme court. Whether the defendants can now under all these circumstances collect all these illegal and void taxes from the railway company, is the real question before us. The defendants are attempting to collect them, and the railway company as plaintiff is seeking an injunction to

restrain their collection. All the difficulty in this case has grown out of a misunderstanding of the said order of the supreme court. The order was made with the intention that it should include all legal taxes (and the penalty we think was a part of such taxes) due from the company for the year for which these taxes were levied; and herein the plaintiff was mistaken. The order was also made in the spirit of a court of equity, with the intention that both law and justice should be speedily administered, and not with any intention of subserving a grasping disposition on the part of any person. It was not made with the intention of prohibiting either party from litigating other questions; nor was it made for the purpose of fixing enormous penalties in the form of illegal taxes upon the party who should take the time to litigate some question which might arise under the order, and a question which such party had a right to litigate. In this respect the defendants were mistaken. It was not reasonable that the railway company should be compelled to pay said penalty before it had time to have the question determined judicially and specifically whether it was bound to pay the same, or else be compelled to pay an enormous illegal tax. The time limited for the payment of said penalty should have been some reasonable time after the question of its payment ceased to be in litigation. And although the time fixed by the district court was earlier than this, and seemed reasonable when so fixed, yet when it appeared that such time was not reasonable the district court should, in the spirit of a court of equity, have extended it. The penalty was paid in eight days after the litigation in regard to it had ceased; and this was certainly within a reasonable time.

The judgment of the court below is reversed and cause remanded with the order that the injunction prayed for by the plaintiff be granted.

All the Justices concurring.