[No. 772.]
# THE STATE OF NEVADA, EX REL. W. W. HOBART,
### STATE CONTROLLER, RELATOR, *v.* G. W. HUFFAKER,
### TREASURER OF WASHOE COUNTY, RESPONDENT.

PENALTY FOR NON-PAYMENT OF TAXES.—In construing the act approved
March 7, 1873, (Stat. 1873, 169): *Held*, that the penalty of twenty-five
*per centum* follows the tax, that five-thirteenths of the penalty belongs to
the state and eight-thirteenths to the county.

MANDAMUS before the Supreme Court.

The facts are stated in the opinion.

*Robert M. Clarke*, for Relator.

I. The twenty-five per centum penalty imposed is neither
in the nature of costs nor tax; but it is a sum imposed
partly by way of punishment, but chiefly by way of induce-
ment to influence the taxpayer to pay his taxes without suit.
It is a sum which the State had the right to impose and
dispose of at pleasure; to appropriate to its own use as
clearly as to appropriate the ten per cent. to the use of the
county. (22 Cal. 365, 370), and when rightfully imposed
and not otherwise disposed of, it of necessity belongs to
the state.

II. The legislature having enacted *two penalties*, and hav-
ing expressly provided that *one* should go to the county,
and having made no such provision as to the other, it is to
be inferred that they did not intend the other should go to
the county; otherwise they would have enacted in the sec-
ond, as in the first case: *Expressio unius est exclusio alterius*.

III. The state having a judgment in its name and favor,
for the sum of money in controversy, and there being no
provision of law giving it to the county, or authorizing the
respondent to withhold it from the state treasury, the re-
spondent must pay it into the state treasury with the bal-
ance of the judgment, of which it forms a part, under the
law which requires him to send to the treasurer of state all
funds which shall have come into his hands as county treas-
urer, for the use and benefit of the state. (Comp. Laws,
sec. 3198.)

*Thomas E. Haydon,* for Respondent.

I. The statutes (art 3149, C. L., last proviso,) gives to the county, for its use, the original ten per cent. penalty incurred by a taxpayer by failure to pay his taxes before the first of December in each year.

The act of March 7, 1873, (art 3238, vol. II, Comp L.,) prescribes in cases where the amount of tax exceeds three hundred dollars on suit brought, a penalty of twenty-five per centum in addition to such original penalty of ten per cent. provided for in the revenue laws. Statutes in *pari materia* construed together. (*Ford* v. *Hoover,* 5 Nev.; *V. & T. R. R. Co.* v. *Commissioners of Ormsby Co.,* 5 Id. 341; Sedgwick on Statutory and Const. Laws, chap. 6, with citations from Vattel & Donat; *Brown* v. *Davis,* 1 Nev. 413; *Torreyson* v. *Board of Examiners,* 7 Id. 22.)

The words, twenty-five per cent. in addition to the original penalty of ten per cent., are conclusive of the right of the county to the twenty-five per cent. added to the ten original per cent. The word add, in all its grammatical changes in English, implies a principal or pre-existent thing to which another thing is to be annexed, making together, a whole sum, mass, number, or aggregate, setting or putting together, joining, united, increasing or augmenting the addition, to the principal or pre-existing thing.

The etymology from the compound latin verb adds—from *ad* and *do*—give to,—but confirms the above definition or meaning. The words of a statute are construed in their popular meaning, except where technical terms are used. (*Ormsby Co.* v. *State of Nevada,* 6 Nev; *Brown* v. *Davis,* 1 Id. 413; *V. & T. R. R. Co.* v. *Lyon Co.,* 6 Id. 285–6.) The usual and most known signification of the words " additional penalty " imports the augmentation or increasing of the penalty pre-existing, the conditions upon which imposed, and the uses to which appropriated are all supposed or presumed to have been already exactly prescribed. (1 Wend.; Blackstone, 59.)

II. In cases of doubtful construction, the debates of congress or legislatures may be resorted to to establish the meaning of a statute, and the objects of the legislature in

adopting it. (*Maynard* v. *Johnson*, 2 Nev. 26; *Morris* v. *Mellin*, 6 Barn. & Cress, 446 *et seq.*)

*Harris & Coffin*, also for Respondent.

I. The use of the penalty resulted to the counties by the mere force of the statute which imposed it, and provided for its collection and payment in the first instance into the county treasury. It becomes *county money* for the reason, to say the least, that the legislature has *ex industria*, throughout the statute concerning revenue, carefully defined the state's proportion of the money arising from certain specific sources of revenue, and has clearly defined the duty of the several county treasurers relative thereto in the way of payment to the state treasury, while there is an entire omission to provide or declare in any manner what, if any, is the right, or proportional right of the state to any moneys whatever received into the county treasuries by way of penalties for delinquency. The duty of the county treasurer is clearly defined in section 75 of the act. (Art. 3197, Comp. L.)

II. The disposition to be made of the twenty-five per cent. penalty is as positively provided for as that of the ten per cent. penalty, when the true reading of the two statutes is attended to. It goes into the county treasury for county purposes.

By the Court, BEATTY, J.:

This is a proceeding by mandamus against the treasurer of Washoe county to compel him to pay into the state treasury the sum of $5554.28, paid to him by the Central Pacific Railroad Company, under the provisions of "An act prescribing an additional penalty for non-payment of taxes in certain cases after suit," approved March 7, 1873, which reads as follows: "Section 1. In all suits for the collection of delinquent taxes originally brought in the district courts, where the amount exceeds $300, the complaint and summons shall demand, and the judgment shall be entered, for twenty-five per centum, in addition to the tax, ten per centum thereon and costs provided in the act to provide revenue for the support of the government of the state of

Nevada and the acts amendatory thereof; and such tax, penalty and costs shall not be discharged, nor shall the judgment therefor be satisfied, except by the payment of the tax, original penalty, costs, and the additional penalty herein prescribed in full." The sum of $5564.28, above specified, is the twenty-five per centum additional penalty on the sum of $22,257.13 which was recovered from the Central Pacific Railroad Company in a suit for taxes assessed in Washoe county, and the question is whether it belongs to the state or to the county. The relator contends that it belongs wholly to the state, and the respondent that it belongs wholly to the county. The question is one of statutory construction merely, and we think that both parties are partly in the right and partly in the wrong.

This penalty of twenty-five per centum is assessed upon the aggregate amount of taxes due to the state and county, of which five-thirteenths were due to the state and eight-thirteenths to the county. The law makes no express disposition of the penalty, and it becomes a question of construction what disposition of it the legislature intended. We think the penalty is to be regarded not only as a punishment to the delinquent, but also, and principally as a compensation to the state and county for the delay of payment, and the consequent derangement to their finances. So regarded, the obvious conclusion is, that the penalty follows the tax, in this case five-thirteenths to the state and eight-thirteenths to the county. The penalty of ten per centum, (C. L. 3148) to which this penalty of twenty-five per centum is additional, is expressly given to the counties, and from that circumstance the relator argues on the principle of *expressio unius, etc.*, that this penalty must go to the state, while the respondent comes to the exactly opposite conclusion that it must follow the express disposition of that to which it is additional. We think, however, that neither of these arguments, which to some extent destroy each other, is of as much weight as the consideration upon which we base our construction of the law above stated.

Let the writ be made peremptory that the respondent pay over five-thirteenths of the amount claimed in the petition, viz. $5564.28.