No. 14,078.

BOARD OF COMMISSIONERS OF HANCOCK COUNTY v. THE
STATE, EX REL. MICHENER, ATTORNEY GENERAL.

TAXES.—*Delinquency.*—*Penalty.*—*Becomes a Part of Tax.*—The ten per cent-
um penalty assessed for the non-payment of taxes, under the statutes of
this State, is not imposed solely as a punishment of the delinquent tax-
payer, or intended to constitute a separate fund, but it attaches to and
becomes a part of the taxes; and accordingly the penalty assessed on
taxes levied for county purposes belongs to the county, and the penalty
assessed on taxes levied for State purposes belongs to the State.

From the Hancock Circuit Court.

*E. Marsh* and *W. W. Cook,* for appellant.

*L. T. Michener,* Attorney General, and *A. C. Harris,* for
appellee.

COFFEY, J.—This cause originated before the board of
commissioners of Hancock county. Upon appeal to the cir-
cuit court the appellee filed an amended complaint in which
he avers that heretofore, to wit, in the years 1883, 1884,
1885 and 1886, the treasurer of Hancock county wrongfully
paid and delivered to the said county, of the penalties on
delinquent taxes by him collected in said county, in said years,
as follows, to wit:

1883 . . . . . . . . . . . . . . . . . . . . . . . . . $530 20
1884 . . . . . . . . . . . . . . . . . . . . . . . . . . 454 16
1885 . . . . . . . . . . . . . . . . . . . . . . . . . . 520 21
1886 . . . . . . . . . . . . . . . . . . . . . . . . . . 414 28

Total . . . . . . . . . . . . . . . . . . . $1,918 85

That the amounts named were due to the State of Indiana
and not to the county of Hancock; that the said treasurer
paid and delivered said sums to the county, as being due to
her for penalties collected on delinquent taxes as aforesaid,
and did not pay any part of said sums to the State of In-

diana in any manner or form, but only paid the State such pórtion of said penalties as equalled the amount of penalties collected as the *pro rata* share of the State in the whole amount of the delinquent taxes collected in said year, and no more; that the said sums are due and unpaid; that payment of the same was demanded by the plaintiff before the commencement of this suit, but was refused by the defendant, and that this claim has not been collected or sued for by any other officer.

A demurrer to this complaint, for want of sufficient facts to constitute a cause of action, was overruled by the circuit court and the appellant excepted. Failing and refusing to plead further, judgment was rendered against the appellant for the amount claimed.

The errors assigned here are : 1st. That the complaint does not state facts sufficient to constitute a cause of action. 2d. That the circuit court had no jurisdiction, and 3d. That the court erred in overruling the demurrer of the appellant to the complaint.

It is claimed by the appellant that the penalty assessed for the non-payment of taxes was intended by the Legislature as a compenation to the several funds for the increased expenditures made necessary by its non-payment at the time fixed by law, and is to be added to and to become a part of such tax; while on the other hand, it is contended by the appellee that such penalty is intended as punishment of the delinquent, and that such penalty when collected belongs to the State, and should be paid into the State treasury under the provisions of section 4926, R. S. 1881.

Section 6426, R. S. 1881, provides that any person charged with taxes on the tax duplicate in the hands of the county treasurer may pay the full amount of such taxes on or before the third Monday in April, or may, at his option, pay the first instalment on or before such third Monday, and the remaining instalment on or before the first Monday in November following. In all cases where the first in-

stalment shall not be paid on or before the third Monday in April, the whole amount unpaid shall become due and be returned delinquent, and collected as provided by law ; and there shall be a penalty added of ten per cent. upon the amount of any instalment not paid when due, which the persons or property assessed shall pay, together with costs of collection ; and if such taxes remain delinquent at the succeeding first Monday in November, there shall be a penalty of six per centum added to all such taxes that became delinquent at the preceding April and November settlements, and a penalty of ten per cent. only shall be added to the current. delinquency occurring on the first Monday in November.

Section 6427 requires the county treasurer, after the third Monday in April, to make out a delinquent list, with the amount due from each delinquent taxpayer, with a separate column headed "Return," to the correctness of which list the county auditor shall certify. This certified list has the same force and effect as an execution.

The treasurer is required to visit the residence of each such delinquent in the county, either in person or by his deputy, and make demand for the amount of such delinquent taxes, and the penalty thereon, and if the taxes and penalty are not paid he is required to levy upon sufficient personal property to satisfy the same, if so much can be found. In case such delinquent tax and penalty is paid upon demand, such treasurer shall charge and receive from such delinquent, in addition to the tax and penalty, the sum of twenty-five cents.

Section 6457 requires the county auditor, between the first Monday of December and the first Monday of January, annually, to make out and record, in a book provided for that purpose, a list of lands and lots remaining delinquent, describing such lands and lots as they are described on the tax duplicate, and charge them with the amount of delinquent taxes, with interest and a penalty of ten per centum on such taxes, and with the taxes of the current year, including current and delinquent taxes on personal property.

Sections 6458 and 6459 provide for the advertisement and sale of such lands and lots for the payment of such delinquent taxes, penalty, interest, and the costs made in such sale.

Section 4926, R. S. 1881, provides that the general funds of the State shall consist of: 1. The moneys, debts and property belonging to the treasury proper, together with the increase and revenue thereof. 2. Moneys derived from the sale of lots in the city of Indianapolis. 3. Penalties and forfeitures not specifically appropriated. 4. Moneys received from copies of laws sold. 5. All moneys paid into the treasury and not specifically appropriated to any other fund. It is under this last section that the appellee claims the money now in dispute.

As to whether the State is entitled to the money named in the complaint depends upon whether the penalties referred to in the different sections of our tax law above cited attach to and become a part of the taxes assessed, or whether they are to be regarded as a mere punishment of the delinquent taxpayer, and remain separate and apart from the taxes. As will be observed by reading these provisions of our tax law, in each instance, except in section 6457, where the penalty is provided for, it is declared that such penalty shall be *added* to the tax. The words " add to " are generally understood to mean, " to increase." Webster defines the word " add " as meaning to join or unite, as one thing, or some to another, so as to increase the number, or augment the quantity, enlarge the magnitude, or so as to form one aggregate. So, when the Legislature speaks of adding to a tax a penalty of ten per cent., it would generally be understood that it was intended to increase such tax in that amount.

The precise question involved here has never to our knowledge been decided by this court, but has been passed upon by other courts in the Union. In the State of Kansas there is a statute similar to the one now under consideration. In the case of *State* v. *Bowker*, 4 Kan. 114, it was held that the ten per cent. penalty assessed for the non-payment of taxes,

within the time prescribed by the law, attached to and constituted a part of the tax.

In the case of *Kansas, etc., R. W. Co.* v. *Amrine,* 10 Kan. 318, the court adhered to the doctrine announced in the case of *State* v. *Bowker, supra;* so that this doctrine seems to be firmly settled in the State of Kansas.

In the case of *State* v. *Huffaker,* 11 Nev. 300, the precise question involved in this case was decided. In that case the treasurer had collected a penalty of $5,564.28, being a penalty fixed by law for the non-payment of taxes within a given time; the State claimed the whole amount upon the ground that it was assessed as a punishment of the delinquent taxpayer, but Beatty, J., who delivered the opinion of the court, said : " This penalty of twenty-five per centum is assessed upon the aggregate amount of taxes due to the State and county, of which five-thirteenths were due to the State, and eight-thirteenths to the county. The law makes no express disposition of the penalty, and it becomes a question of construction what disposition of it the Legislature intended. We think the penalty is to be regarded not only as a punishment to the delinquent, but also, and principally, as a compensation to the State and county for the delay of payment, and the consequent derangement of their finances. So regarded, the obvious conclusion is, that the penalty follows the tax, in this case five-thirteenths to the State and eight-thirteenths to the county."

Following the language used in our tax law, and the construction placed upon such language by the decisions above cited, we have reached the conclusion that the ten per cent. penalty assessed for the non-payment of taxes under our law attaches to and becomes a part of the tax. Under this rule, the penalty assessed on taxes levied for county purposes would belong to the county, while the penalty assessed on taxes levied for State purposes would belong to the State. *Davis,* v. *State, ex rel., post,* p. 555.

It follows that the circuit court erred in overruling the demurrer to the complaint in this cause.

The cause is reversed, with instructions to the circuit court to sustain the demurrer to the complaint.

Filed June 26, 1889.