THE STATE OF WASHINGTON, *Appellant*, v. CARBON HILL
COAL COMPANY, *Respondent*.

STATUTES ON SAME SUBJECT-MATTER—REPEAL BY IMPLICATION.

The act of 1883, regulating the operation of coal mines and pro-
viding for their inspection, is impliedly repealed by the act of Feb-
ruary 2, 1888, entitled "An act in relation to coal mines," which
covers the same ground and has for its object the same general pur-
poses; consequently, the four mill license tax upon every ton of
coal mined, which the former act required, cannot be held to con-
tinue in operation when the substantial provisions of that act are
replaced by a later enactment.

*Appeal from Superior Court, Pierce County.*

The facts are stated in the opinion.

*W. H. Snell*, Prosecuting Attorney, and *Charles Bedford*,
for The State.

*Judson & Sharpstein*, for respondent.

The opinion of the court was delivered by

STILES, J.—This is an action brought by the state to re-
cover of respondent the four mill license tax levied upon
every ton of coal mined and used by it under the act of 1883.
The complaint alleges that defendant is a corporation or-
ganized and doing business under the laws of the State of
Washington; that on February 2, 1888, it was the owner
and operator of certain coal mines in Pierce county, known
as Carbon Hill mines, and sold and used from said mines
from the 2d day of February, 1888, to June 30, 1890, a
large quantity of coal, aggregating 490,044 tons. That
since the 2d day of February, 1888, it has not paid or
caused to be paid, nor has anyone paid for it, the tax due
the state under and by virtue of an act of the legislature

entitled "An act relating to inspector of coal mines and
ventilation of coal mines," passed in 1883, and the amend-
ments thereto, and that there is due the state the sum of
four mills upon each and every ton of coal sold and used
from said mines; that no part of the sum has been paid,
and that there is due from it the sum of $1,960.17.   To
this complaint respondent interposed a demurrer upon the
ground that it appeared upon the face of the complaint
that it did not state facts sufficient to constitute a cause of
action.   The point raised on the argument here is that the
act of 1883 is repealed by an act approved February 2,
1888, entitled "An act in relation to coal mines."   The
demurrer was sustained by the court below and the case
dismissed, and the state appeals.

Bearing fully in mind all of the law cited for appellant
against implied repeals, and the construction which courts
put upon the common phrase, "all acts or parts of acts in
conflict with this act are hereby repealed," we hold that
the construction put upon the statutes by the superior
court was correct.   The act of 1883 was primarily an act
to regulate the operation of coal mines, and to provide for
an inspection thereof.   The act of 1888 covered precisely
the same ground, and had for its object the same general
purposes.   The latter act, under rules of interpretation
which are well settled, must be taken to have repealed the
earlier, even though there had been no repealing clause in-
cluded in it.   *Murdoch v. Memphis*, 20 Wall. 616; Suther-
land, Stat. Const., §§ 154–156; *Van Inwagen v. Chicago*, 61
Ill. 31; *Pierpont v. Crouch*, 10 Cal. 315; *United States v.
Tynen*, 11 Wall. 91.   That there are points of difference be-
tween the two acts, can constitute no reason why fragments
of the former should be held to continue in operation when
its substantial provisions are replaced.   That which was
regulated by the first statute is now regulated by the sec-
ond; and there is no more reason now for the tax levied

by the first than there would be for the inspector therein
provided for.

The judgment is affirmed.

ANDERS, C. J., and SCOTT, HOYT and DUNBAR, JJ.,
concur.