[No. 1990.  Decided November 14, 1895.]

TACOMA SCHOOL DISTRICT, No. 10, *Respondent*, v. JOHN
B. HEDGES, *Treasurer, Appellant.*

DELINQUENT TAXES — DISPOSITION OF PENALTY AND INTEREST — REPEAL
OF STATUTES.

There being no statute in this state making provision for the dis-
position of the penalty and interest on delinquent taxes, such
penalty and interest must be apportioned to the several funds in-
cluded in the tax upon which they are collected.

Laws 1879, p. 44, §172, providing that interest collected on de-
linquent taxes should be paid into the county treasury for the benefit
of the county was expressly repealed by the revenue act of 1893.

Appeal from Superior Court, Pierce County — Hon.
W. H. PRITCHARD, Judge.  Affirmed.

*Coiner & Shackleford,* and *W. L. Coley,* for appellant.
*Snell & Bedford,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—What is the proper disposition of in-
terest and penalty collected upon delinquent taxes, is
the question presented by this record.  It is claimed
on the part of the appellant that they should go into
the general fund of the county for the payment of
salaries of county officers.  The respondent contends
that the amount paid as penalty and interest is an in-
crease of the tax on account of which it is paid, and
should be credited to the same fund; that each of the
funds for which taxes are levied is entitled to such a
proportion of the penalty and interest as the tax so
levied bears to the entire tax.

In the absence of any statute upon the subject, or
course of practice having like force, this contention

must be sustained. The imposition of the penalty must be presumed to have been for the benefit of the tax upon which such interest and penalty are assessed, and, if for the benefit of such tax as a whole, the money belonging to each fund which goes to make up the entire tax should receive its proportion; and it could make no difference whether the penalty and interest were imposed as a compensation for delay in receiving the money as an inducement to the taxpayer to make prompt payment, or as a punishment for delay. In either case, that upon which the collection was founded would be entitled to the benefit thereof, and each of the funds would be entitled to its *pro rata* share. The authorities upon the subject are not numerous, but the only ones which have been cited support this contention. *Commissioners v. State of Indiana*, 119 Ind. 473 (22 N. E. 10); *State of Nevada v. Huffaker*, 11 Nev. 300; *People v. Reis*, 76 Cal. 269 (18 Pac. 309). See also *State, ex rel. Farnham, v. Bowker*, 4 Kan. 96; *Kansas Pacific Ry. Co. v. Amrine*, 10 Kan. 318.

It is true that in some of these cases force is given by the court to expressions in the statutes of the states in which they were rendered, but such expressions did not in terms dispose of the penalty and interest, and the question may be said to have been decided uninfluenced by any statutory provision. In some the opinions clearly show this, and in the others expressions occur which were unnecessary unless it was the intention of the court to hold that, in the absence of any direction by the statute, the penalty and interest would follow the taxes upon which they were assessed. It follows that, if our statute contains no direction as to the disposition of the penalty and interest, they must be apportioned to the several

funds included in the tax upon which they are col-
lected.

The appellant has cited several provisions of the
statute, which, it is claimed, tend to show that it was
the intention of the legislature to direct money so
collected into the general fund of the county. As to
that part of it which is collected as interest, none of
the sections referred to tend to sustain this claim ex-
cept § 172 of the Revenue Law of 1879 (Laws, p. 44).
This section clearly provided that the money so col-
lected should be paid into the county treasury for the
benefit of the county, and, if not repealed, is suffi-
cient to sustain the contention of appellant as to the
interest; and if the interest should be so disposed of,
it would probably follow that a like disposition should
be made of the penalty, for there could be no good
reason why the county should be entitled to the in-
terest, which would not equally apply to the penalty.

Certain other sections which have been in force at
different times have a tendency to show that the pen-
alty was to be collected for the benefit of the county.
These sections provided in general terms for the pay-
ment of such penalties to the officers who made the
collection, and by reason of the fact that, under the
present law, fees which were formerly paid to officers
are paid to the county, it is argued that these penal-
ties should be thus disposed of.    But a careful exam-
ination of all these sections has failed to satisfy us
that there has been any such legislation as would
warrant us in holding that thereby such penalties had
been directed into the general fund of the county,
and their disposition, like that of the interest, must
be held not to have been provided for except in said
§ 172.

It is not necessary to determine the effect upon said

section of the several acts relating to revenue passed by the legislature prior to the revenue act of 1893. Said section was enacted as a part of a law which provided generally for the assessment and collection of taxes. That of 1893 was of the same nature and purported to cover the same ground, and, under the rule recognized by this court in *State v. Carbon Hill Coal Co.*, 4 Wash. 422 (30 Pac. 728), would, by implication, repeal all prior revenue laws.

But it is not necessary to hold that this section was repealed by implication. There was a section contained in the act of 1893 which, in express terms, repealed all acts providing for the assessment and collection of taxes, and it must be held that all of the act of 1879, if then in force, was thereby repealed. The only section of our statute which had made provision as to the disposition of the penalty or interest collected ·upon delinquent taxes has been repealed, and there is nothing, of which the court can take notice, to show that the legislature has recognized the general custom referred to by appellant.

It follows that the rule first stated must obtain, and that it must be held that the penalty and interest are a part of the tax collected and must be disposed of with it. This was the conclusion arrived at by the superior court and its judgment in the premises must be affirmed.

SCOTT, ANDERS, DUNBAR and GORDON, JJ., concur.