[No. 2613.]

THE BOARD OF COUNTY COMMISSIONERS OF PROWERS
COUNTY V. THE PEOPLE OF THE STATE OF COLORADO.

**Taxes and Taxation—Interest and Penalties.**

Interest and penalties collected on delinquent state tax belong to the state. Where such interest and penalties on delin-

quent state tax have been collected by a county treasurer and retained by the county, an action may be maintained by the state against the county to recover such interest and penalties.

*Appeal from the District Court of Prowers County.*

Mr. J. K. DOUGHTY and Messrs. ALLEN & WEBSTER, for appellant.

Mr. CHARLES C. POST, attorney general, for appellee.

Mr. DAN B. CAREY, of counsel.

GUNTER, J.

The state and county each claims herein the interest collected upon taxes levied for state purposes. The state had judgment below.

Our law, constitutional and statutory, requires the levying of a tax for state use.—Mills' Ann. Stats., vol. 1, sec. 437, vol. 3, sec. 446; Colorado Constitution, art. 1, sec. 11; Mills' Ann. Stats., vol. 2, secs. 3768, 3851.

This tax the county clerk is required to compute and carry out in a separate column on the tax list.—Mills' Ann. Stats., vol. 2, secs. 3828, 3851, 3852.

The county authorities are required to collect this tax, and all the expense of collection is expressly provided for.—Sections of our Revenue Act.

This tax is sacred to the use for which levied, that is, for the state.—Mills' Ann. Stats., vol. 3, sec. 3768; *Hockaday v. County Commissioners*, 1 Colo. App. 362, 29 Pac. 287; *Forbes v. Grand County*, 23 Colo. 344, 47 Pac. 388.

Monthly, as rapidly as collected, the county is required to pay this tax to the state.—Mills' Ann. Stats., vol. 2, secs. 3852, 3867.

As this tax is levied for the state, can be used for no other purpose; as the county authorities are

required to collect and transmit it to the state as rapidly as collected, its ownership is in the state.

The statute prescribes when this tax becomes delinquent, and the rate of interest the taxpayer is liable for thereon during delinquency.

By the failure to pay the tax when due, the state is deprived for a time of its revenue, and by such default subjected to inconvenience and loss. It is reasonable that the legislature in requiring the taxpayer to pay interest on the tax he owes the state after it is past due, intended to make compensation thereby to the state for loss of use of its funds. Such purpose is realized by awarding the interest in controversy to the state.

As the state owns the tax withheld, as it suffers the loss and inconvenience through its being in default, as our statute makes no express disposition of the interest accruing during the delinquency, we think it reasonable, just and in accordance with the legislative intent that the interest should follow, and does follow, the tax, that is, go to the state. Such conclusion is sustained by authorities.

In applying the law to conditions similar to those here presented the court in *State of Nevada v. Huffaker*, 11 Nev. 300, 303, said:

"We think the penalty is to be regarded not only as a punishment to the delinquent, but also, and principally as a compensation to the state and county for the delay of payment and the consequent derangement to their finances. So regarded, the obvious conclusion is, that the penalty follows the tax, in this case five-thirteenths to the state and eight-thirteenths to the county."

In *People v. Reis*, 76 Calif. 269, upon facts in principle the same as here, the court said:

"If the tax remains finally delinquent    *    *    *
it may possibly be subsequently collected in some

other method provided by law, in which event the interest is to be added to compensate for the long delay, and as an incentive to the taxpayer to make a voluntary payment, and thus stop the interest. * * * And as this interest is not required by the statute to be collected for the use of the county, or city and county, it is reasonable to hold that that portion of the interest accrued and collected on the state tax should be paid to the state and go into its treasury."—*Tacoma School District v. Hedges,* 13 Wash. 69; *Board v. State,* 119 Ind. 473.

Judgment affirmed.          *Affirmed.*