[No. 4450. Decided February 25, 1903.]

THE STATE OF WASHINGTON, *Appellant,* v. CITY OF SEAT-TLE, *Respondent.*

INTOXICATING LIQUORS — REVENUE FROM LICENSING — DISPOSITION —
STATUTES — REPEAL BY IMPLICATION.
Bal. Code, § 2934, which provides, among other things, that

cities and towns shall pay into the state treasury ten per cent. of the amount collected by them as license fees for the sale of intoxicating liquors has not been superseded or impliedly repealed by subsequent general legislation vesting municipalities with the license and control of the sale of intoxicating liquors, for the reason that the later enactments make no provision for the disposition of the funds arising from such licenses and hence, although doing away with some of the provisions of § 2934, cannot be regarded as a substitute therefor *in toto.*

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Reversed.

*W. B. Stratton,* Attorney General, for the State.

*Mitchell Gilliam* and *William Parmerlee,* for respondent.

The opinion of the court was delivered by

FULLERTON, C. J.—This action was brought by the state of Washington against the city of Seattle to recover ten per centum of the amount collected by that city between January 1, 1902, and the commencement of the action as license fees for the sale of intoxicating liquors. A general demurrer was interposed to the complaint, which the trial court sustained. Judgment of dismissal and for costs against the state followed, from which judgment the state appeals.

But one question is suggested by the record: Has that part of the second section of the act of February 2, 1888 (§ 2934, Ballinger's Code) which requires cities and towns to pay into the state treasury ten per centum of the amount collected by them as license fees for the sale of intoxicating liquors, been superseded by subsequent legislation? The question was decided affirmatively by the court below on the authority of the opinion of this court rendered in the case of *Seattle v. Clark,* 28 Wash. 717 (69

Pac. 407), where it is said that the entire section in question was superseded. The case itself, however, did not present so broad a question. The act of 1888, vesting in cities and towns the power to control the sale of intoxicating liquors within their respective boundaries, undertook to define in a measure the limits of the power; that is to say, it placed it within the power of the city or town to prohibit altogether the sale of intoxicating liquors within its boundaries, it fixed a minimum and a maximum amount that could be charged as a license fee in case licensing should be resorted to, it required that the sum charged as a license fee should be collected annually in advance, it required that ten per centum of the license fee collected be paid to the state, and contained other provisions affecting the power of the municipalities with relation thereto. The general act relating to the organization and government of cities and towns, while it vested in the municipal authorities of the several classes of cities and towns organized thereunder the power to license the sale of intoxicating liquors within their respective limits, did not contain many of the limitations prescribed by statute of 1888, nor did it prescribe what disposition should be made of the funds. The question in the *Clark Case* was whether certain of these particular restrictions relating to the amount that could be charged as a license fee were applicable to a city organized under the General Statutes, whose grant of power contained no such restrictions. We held that they did not so apply, and in doing so used the language above referred to. It will be noticed, however, that the question of the disposition of the funds collected as license fees was not involved in that case, nor was it discussed, or even mentioned, in the opinion. What was said, therefore, which may seem to affect the present

question, was said inadvertently, and the case is not deci-
sive of the proposition that the state is not entitled to ten
per centum of the license fees collected by cities and
towns for the sale of intoxicating liquors therein.

It is insisted, however, that as an independent question
the statute of 1888 is repealed by the General Statutes
above referred to, under the rule cited in the case of *Seat-
tle v. Clark, supra,* namely, that

"Every statute must be considered according to what
appears to have been the intention of the legislature, and
even though two statutes relating to the same subject be
not, in terms, repugnant or inconsistent, if the later statute
is clearly intended to prescribe the only rule which should
govern the case provided for it will be construed as repeal-
ing the original act. The rule does not strictly rest upon
the ground of repeal by implication, but upon the princi-
ple that when the legislature makes a revision of a par-
ticular statute, and frames a new statute upon the subject-
matter, and from the framework of the act it is apparent
that the legislature designed a complete scheme for this
matter, it is a legislative declaration that whatever is
embraced in the new law shall prevail, and whatever is
excluded is discarded. It is decisive evidence of an inten-
tion to prescribe the provisions contained in the later act,
as the only ones on that subject which shall be obligatory."

This court has, in common with many other courts,
applied the rule to statutes where it was clearly apparent
that the one was intended as a substitute for the other,
although there was no special repeal of that other, and the
two statutes were not entirely repugnant. The most nota-
ble instances of this from this court are found, perhaps,
in the cases of *State v. Carbon Hill Coal Co.,* 4 Wash.
422 (30 Pac. 728), and *Mansfield v. First National Bank,*
5 Wash. 665 (32 Pac. 789, 999). But the rule and the
cases cited are not applicable to the question now before
us. Here there was no new enactment covering the matter

of the disposition of the funds collected by cities and towns as license fees for the sale of intoxicating liquors. This subject is not mentioned at all in the new legislation, and if it were necessary to find from the new statute what disposition was intended to be made of such funds, it would have to be gathered by implication from the statute as a whole, not from any particular provision therein. This is not sufficient to work a repeal of a direct and positive statute prescribing what disposition shall be made of such fund, and we cannot hold that any such repeal was effected or intended. We conclude, therefore, that the complaint states a cause of action.

The judgment of the lower court is reversed, and the cause remanded, with instructions to overrule the demurrer, and require the respondent to answer to the merits.

DUNBAR and MOUNT, JJ., concur.