### STATE OF INDIANA, EX REL. SCHOOL CITY OF GARY *v.* SWANSON, TREASURER.

[No. 22,716. Filed December 29, 1914.]

1. CONSTITUTIONAL LAW.—*Privileges and Immunities.*—Section 1, Art. 4, of the Federal Constitution, relating to privileges and immunities, does not protect or secure the privileges or immunities of citizens against the power of the state in which they reside, but merely guarantees privileges and immunities to citizens of other states. p. 586.

2. TAXATION.—*Deposits of Public Funds.*—*Interest.*—*Statutes.*—*Construction.*—Section 24 of the public depositories act of 1907, as amended in 1911 (Acts 1911 p. 616, §7545 Burns 1914), does not support the assumption that all the taxes collected and deposited from day to day in the county depository, together with the interest earned thereon, are, while so deposited, a part of the general fund of the county, but considered in view of the provisions of §15 of the act (§7536 Burns 1914), as well as of the whole act, it clearly appears that the money while so deposited and the interest thereon is a common fund belonging in easily discoverable portions to the State and various governmental agencies and municipalities for which the taxes were collected. p. 586.

3. CONSTITUTIONAL LAW.—*Special Privileges or Immunities.*—*Special Laws.*—The fact that under §7545 Burns 1914, Acts 1911 p. 616, the taxes collected for cities and towns and school cities and school towns are made more immediately available to their use than are those of townships and school townships, does not render the statute within the constitutional inhibition of §23 of the Bill of Rights of the State Constitution, nor of §22, Art. 4, forbidding special and local laws. p. 588.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by the State of Indiana, on the relation of the School City of Gary, against Albert G. Swanson, Treasurer of Lake County. From a judgment for defendant, the relator appeals. *Reversed.*

*Hodges & Ridgely,* for appellant.
*Frank B. Pattee* and *Herbert T. Johnson,* for appellee.

Cox, J.—The relator filed its complaint for mandate to compel appellee as treasurer of Lake County to make monthly estimates of the taxes collected by him as *ex officio* tax collector for relator during each month preceding and to certify the respective amounts to the auditor of the county and to pay warrants to be drawn by such auditor for the sums so certified, as provided by §24 of the public depositories act of 1907 as such section was amended by the General Assembly in 1911. Acts 1907 p. 39; Acts 1911 p. 616, §7545 Burns 1914. Appellee demurred to the complaint for want of facts and in the memorandum which was made a part of the demurrer asserted the facts alleged were insufficient for the reason that the part of the amended section involved in the action violated certain constitutional limitations and was therefore void. The lower court yielded to appellee's contention and sustained his demurrer. That ruling is assigned as error in this appeal.

It is provided by §24 of the depositories act, *supra,* that "All public funds paid into the treasury of the state, counties, cities and towns and school cities and school towns shall be deposited daily in one or more designated depositories in the name of the state, county, municipality, or school corporation by the officer having control thereof." It is also provided in that section "That all taxes collected by the county treasurer shall be deposited as one fund in the several depositories selected for the deposit of county funds, and except as hereinafter provided, shall so remain until the same is distributed at the following semiannual distribution made by the county auditor." The same section contains

the further provision "That every county treasurer who, by virtue of his office, shall be the collector of taxes for any city, town, school city or school town, within his county, shall on the first day of each calendar month, make an estimate of such taxes so collected by him for each such city, town, school city or school town, respectively, during the preceding month and certify the respective amounts to the auditor of such county, and the auditor of such county shall thereupon draw his warrants upon such county treasurer in favor of such city, town, school city or school town for the respective sums so certified which warrants shall be delivered by such auditor to such respective cities, towns, school cities or school towns through the city controller, if any, and if not then to the city or town clerk, and upon the presentation of such warrants to the county treasurer he shall promptly pay the same to the treasurer of such city, town, school city or school town, which respective sums shall be immediately available for the use of such city, town, school city or school town pending a full settlement with the county auditor at the time of his next regular semi-annual distribution of funds."

Section 15 of the act as the same was amended in 1909 (Acts 1909 p. 437, §7536 Burns 1914), provides for proposals from concerns qualified to act as depositories to receive on deposit the funds respectively of the State, a county or any public corporation and fixes the rates of interest which shall be paid on such deposits and "That all interest so earned shall be added respectively to the tuition fund of the township, general fund of the state, city and town, county fund of the county, and to the tuition fund of the school city or school town, except in all cases interest on school fund shall be applied to tuition revenue" and "interest derived from the funds of a state educational institution, shall be added to the fund from which it is derived."

Sections of the act preceding §15 contain specific provisions for boards of finance, for depositories and for deposit-

ing the funds respectively of the State, and the counties, cities, towns, townships and school corporations of the State.

In support of the ruling of the lower court holding the facts averred in appellant's complaint insufficient to state a cause of action appellee contends that the last provision of §24 set out above, and on which the right to the mandatory relief which appellant is seeking depends, is discriminatory class legislation, special and local in its nature and not of uniform operation. Counsel specifically claim that this provision is violative of that clause of §2 of Art. 4 of the Federal Constitution which relates to privileges and immunities; that it defies §23 of the Bill of Rights of our State Constitution which forbids the General Assembly to grant special privileges or immunities; that it ignores the restrictions §22 of Art. 4 of our State Constitution which forbids special and local laws in certain enumerated cases in that it is a special and local law for the assessment and collection of taxes, for the support of the common schools and for the preservation of school funds and in relation to interest on money all of which are forbidden by that section as subjects for local or special legislation; and finally that the provision infringes §23 of Art. 4 of our State Constitution which requires that in all cases where a general law can be made applicable all laws shall be general and of uniform operation throughout the State.

The objections urged against the constitutional validity of this provision are all based almost wholly on the assumption that as §24 also provides that all taxes collected by a county treasurer shall be deposited as one fund in a depository selected for the deposit of county funds, all such taxes become, while so deposited and until separation and distribution of them at a time fixed by law, a part of the funds of the county and that interest collected thereon from the depository for the time they are so held before distribution, must go to the general fund of the county in obedience to the provision of §15, *supra,* that interest earned by funds de-

posited by a county in its depository shall be added to the general county fund. From this premise it is argued that while the taxes levied by a civil township, or a school township, and collected by the county treasurer must, under the law, remain in the general fund of the county until the semiannual settlement and the interest earned thereon during the time between the collection and the semiannual settlement go to the county, on the other hand, under the terms of that provision of §24, *supra*, which is assailed, a city or town, or school city or school town is given the right to withdraw the taxes levied by it and collected by the county treasurer on the first of each month after collections have been made, deposit in its own depository the sums so withdrawn and so secure to itself interest earned thereon prior to the semiannual settlement. So, it is earnestly contended, an arbitrary and unreasonable discrimination favorable to citizens of cities and towns and school cities and school towns and against citizens of townships and school townships appears in the application of the law. And, so, too, it is claimed it is thus made a special and local law and one lacking in uniform operation.

Section 2 of Art. 4 of the Federal Constitution which is first called into service in the assault on the law in question has so obviously no application to the question involved that it requires no further consideration than a reference to the wording of that constitutional provision. It does not profess to control the power of the state government over the rights of its own citizens. It does not protect or secure the privileges or immunities of citizens against the power of the state in which they reside, but merely guaranties privileges and immunities to citizens of other states.

Under the system generally prevailing in this State the county treasurer is made the tax collector in his county of the taxes levied locally for the State, and of those levied for local purposes for the county and

for the townships, cities and towns and school corporations within its borders. Now the assumption of counsel for appellee that under the provisions of the depositories act all of the taxes so collected, for the State, townships, cities and towns and school corporations as well as such as are collected for the county, and which are deposited from day to day in the county depository to remain until distribution and payment to the governmental agency or municipality entitled to them, become until such time and while so deposited a part of the general fund of the county and that the interest which accrues thereon while so deposited becomes a part of the general fund of the county, is not a sound or permissible one. It is, therefore, unnecessary to discuss or to determine whether the General Assembly is prevented by constitutional restraints from diverting interest on the taxes levied by and collected for the State, cities and towns, townships and school corporations to the county in any measure equal or unequal for this it has not done. A due consideration of the depositories act will show with fair clarity that the provision of §15 above quoted and which is relied on to govern the disposition of the interest earned by public deposits made under the act has application to the public funds after they have been separated from the bulk sum of all the taxes collected by the county treasurer and distributed to and deposited by the State and the various governmental agencies and municipalities for which they were collected and to which they belong. Now in §24, *supra,* there is no attempt to declare that all of the taxes collected by the county treasurer shall be funds of the county prior to the time when they are separated and distributed to the governmental agencies and municipalities as provided by law. It is merely provided in that section that "all taxes collected by the county treasurer shall be deposited as one fund in the several depositories selected for the deposit of county funds, and * * * shall so remain until the same is distributed." Here is shown no purpose to treat the "one fund" composed

of tax collections other than as a common fund belonging in easily discoverable portions to those governmental agencies and municipalities for whose use they were levied and collected, which for convenience in carrying out the general purpose of the act to require the deposit of all public funds for the benefit of the tax paying public, is to be deposited in county depositories. There is not anywhere in the act any express provision that the interest which accrues on this fund shall go to the general fund of the county nor is there room for the implication that the General Assembly intended to change the general rule which would make the interest earned a mere accretion to the fund to be apportioned just as the principal fund must be among the common owners in proportion to their interest in the fund. *Board etc.* v. *State, ex rel.* (1889), 119 Ind. 473, 22 N. E. 10; *New Orleans* v. *Fisher* (1901), 180 U. S. 185, 197, 21 Sup. Ct. 347, 45 L. Ed. 485; *Tacoma School Dist.* v. *Hedges* (1895), 13 Wash. 69, 42 Pac. 522; *State, ex rel.* v. *Mish* (1895), 13 Wash. 302, 43 Pac. 40; *State* v. *Huffaker* (1876). 11 Nev. 300; *City of Burlington* v. *Baltimore, etc., R. Co.* (1875), 41 Iowa 134, 142.

With this view of the law the inequality of the law before us in the matter of interest is eliminated and all objection on account of it to the constitutional validity of that provision of §24, *supra,* here assailed is left without support, for in such case each governmental agency and municipality gets the interest which its funds earn whether they be deposited in the depositories designated by the county before distribution, or their own afterwards. The mere fact that by 3. the operation of this provision the taxes levied by and collected for cities and towns and school cities and school towns are made more immediately available to their use than are those of townships and school townships which under the statutes governing the matter as to them are compelled to wait for a longer time after collection before their funds are paid to them by the treasurer, does not place it

within the inhibition of any of the constitutional provisions named. This is a mere administrative detail so clearly within the legislative discretion to classify that it can not well be questioned.

The judgment is reversed with orders to overrule appellee's demurrer to appellant's complaint and for further proceedings thereon.

NOTE.—Reported in 107 N. E. 275. As to what is special legislation forbidden by the Constitution, see 21 Am. St. 780. See, also, under (1) 8 Cyc. 1037; (2) 37 Cyc. 1596; (3) 36 Cyc. 1010.