THE COUNTY OF BURLINGTON AND FRANK A. SNOVER, TREASURER OF THE COUNTY OF BURLINGTON, RELATORS, v. J. H. THAYER MARTIN, STATE TAX COMMISSIONER OF THE STATE OF NEW JERSEY; FRANK J. MURRAY, STATE COMPTROLLER OF THE TREASURY OF THE STATE OF NEW JERSEY, AND WILLIAM H. ALBRIGHT, STATE TREASURER OF THE STATE OF NEW JERSEY, RESPONDENTS.

Argued October 8, 1941—Decided March 7, 1942.

Before BROGAN, CHIEF JUSTICE, and Justice HEHER.

For the relators, *Powell & Parker* (*Harold T. Parker* and *Arthur T. Vanderbilt,* of counsel).

For the respondents, *David T. Wilentz,* Attorney-General (*William A. Moore,* of counsel).

BROGAN, CHIEF JUSTICE. By virtue of *R. S.* 54:33-10 (*Pamph. L.* 1909, *ch.* 238, *p.* 375, as amended by *Pamph. L.* 1931, *ch.* 198, *p.* 497) the County of Burlington received five per centum of the transfer inheritance tax assessed against the estate of John T. Dorrance, who died on September 21st, 1930, a resident of that county. The tax, in the amount of $12,183,459.96, was not paid to the state until the fiscal year 1936-1937 and the accrued interest amounted to $3,437,333.49. The County of Burlington, under the statute, *supra,* received its proportionate share of the principal sum from the State Comptroller on July 7th, 1936, which amounted to $609,173,

and almost four years later, *i. e.*, on June 14th, 1940, made written demand for five per centum of the interest collected by the state. The question in this case, raised by an alternative *mandamus* directed against the State Tax Commissioner, the State Comptroller of the Treasury, and the State Treasurer, is whether the relators' claim to a share of the interest is valid.

The theory upon which the relator would justify its claim is that interest "follows the tax as an accretion thereto" or is part thereof and that under our statute, *supra,* the county is entitled to have allocated to it its proportionate share of the interest. This theory is challenged by the respondents. Their plea avers that the state has on no occasion remitted any part of interest or penalties collected on transfer inheritance taxes to any county; that the relator is in laches; that at the instance of the relator (since the statute is' silent on this issue) proposed legislation was prepared and introduced into the New Jersey legislature to accomplish a participation for counties in the amount of interest collected, in these circumstances, and that these several bills failed to pass; and, finally, that the regulations and practice in the state departments concerned with these matters do not recognize the claim of a county to participate in the interest or penalties assessed on transfer inheritance taxes. Issue was joined and the facts, as above outlined, are not in dispute.

The main argument of the relators is that since the statute is silent concerning what is to be done with said interest as such, it was the legislative intention that interest should follow the tax and that the county of decedent's residence is entitled to share in the gross sum collected by the state. The statute reads as follows:

"54:33-10. · After the close of each fiscal year the State Comptroller shall draw his warrant on the State Treasurer in favor of the county treasurer of each county for five per cent of the amount of tax collected under chapters 33 to 36 of this title (54:33-1, *et seq.*), from property of resident decedents in the county during the fiscal year, as certified to the Comptroller by the State Tax Commissioner, whereupon the same shall be paid out of the state treasury."

The statutes, this and kindred enactments, having to do with the lien, collection and disposition of inheritance taxes, make no mention of the disposition of the interest (*v. R. S.* 54:35-5; 54:35-6; 54:35-8).

The origin of Inheritance Tax in New Jersey was the statute of 1909 (chapter 228, page 325). Provision is made in its fifth section (page 329) for interest at the rate of ten per centum per annum if the tax is not paid within one year from the date of the death of the testator, &c., and a discount if paid within one year. By the next section of the statute this exaction for delay in payment beyond the year mentioned in the fifth section is called a "penalty" with the provision that when the delay in payment has been for unavoidable cause or necessary litigation the amount of the penalty is reduced to six per centum. These sections—the fifth and sixth—are now consolidated into *R. S.* 54:35-3. The statutory provision allotting five per centum of the transfer taxes collected to counties came into being by chapter 239, *Pamph. L.* 1909, *p.* 375, as amended by *Pamph. L.* 1931, *ch.* 198, *p.* 497, now 54:33-10.

It is conceded that the legislature did not, by express words, provide that counties should share in the interest assessed on inheritance taxes. Since we may not attribute to the legislature an intention that the statute does not contain, or by necessary inference support, we must ascertain whether the relators' theory, *i. e.,* that interest follows and becomes part of the tax, is tenable. We do not think it is. In our view, taxes and interest are distinct things. A tax, not being a debt in the legal sense, does not automatically bear interest, if delinquent, unless the legislature so provides. Interest does not inhere in a tax as a legal incident. *Camden* v. *Allen,* 26 *N. J. L.* 398. Interest is an exaction for past due obligations and in essence is a penalty or in the nature of a penalty. Interest or penalty, however one characterizes it, is not taxation but rather a punitive sanction for compelling timely payment of the tax. It is compensation for delay in payment. (*Dixon, &c.,* v. *Jersey City,* 37 *N. J. L.* 39.) In this case it is for non-payment within the time fixed by statute (compare *Bugbee* v. *Tatum,* 103 *Id.* 600). We are of the opinion that

the interest on this tax was not, nor did it become, part of the tax. The statute, *supra,* permits the county of decedent's residence to participate in the amount of the tax, nothing more. It follows therefore that the relators' claim to a share of the interest is invalid.

We deem it proper to say that we have read the opinions cited in the relators' brief which differ with our conclusion on this legal question. The chief of these is *Nevada* v. *Huffaker,* 11 *Nev.* 300, decided in 1876, and the other cases in our sister states of Washington, Kansas, Indiana, Colorado and California, the decision of which seems to follow the logic of the Nevada Supreme Court. It serves no purpose to discuss these cases in any detail except to say that many of these learned decisions are on issues readily to be distinguished from the issue at hand since they turn upon the construction of statutes dissimilar to ours.

The other questions in the case, namely, laches, an adverse departmental custom (which did not entertain the claim of a county to any part of the interest in any instance throughout the years), and the objection that the state cannot be sued without its consent, are not necessary for the decision of the issue here and we express no opinion on these points at this time.

A judgment may be entered for the respondents with costs.