[No. 14976. *En Banc*. April 3, 1919.]

FRED EVERETT, *Respondent*, v. GEORGE W. ADAMSON et al., *Appellants*.[1]

TAXATION (147)—CONSTITUTIONAL LAW (65, 77)—STATUTES (85)— FORECLOSURE OF LIEN — CONDITIONS PRECEDENT — RETROACTIVE EFFECT OF LAW. Since the power to tax is referable to the sovereign power of the state without reference to any contractual relation, Rem. Code, § 7892-40, adding to the prerequisites to foreclosure of certificates of delinquency the payment of local assessments, operates on certificates purchased from the county prior to the taking effect of the act, and no vested rights are affected thereby or the obligation of a contract impaired.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered June 21, 1918, upon findings in favor of the plaintiff, in an action to foreclose tax certificates of delinquency, tried to the court. Reversed.

*Wm. A. Johnson*, for appellant city of Everett.

*Peters & Powell* and *Douglas & Schramm*, for respondent.

*Walter B. Whitcomb*, amicus curiae.

[1]Reported in 180 Pac. 144.

HOLCOMB, J.—Everett, the respondent, purchased certain certificates of delinquency prior to the passage of § 40, ch. 98, Laws of 1911, p. 467 (Rem. Code, § 7892-40), which adds to the prerequisites to foreclosure of certificates of delinquency the payment of local improvement assessments. He contends that he is required only to pay the general tax liens imposed at the time of the issuance of the certificates. In this the lower court agreed with him, and the appellant city brings this appeal to determine the effect of the foregoing section upon certificates of delinquency purchased prior to that time.

The respondent argues that the statute was not intended to apply to certificates issued prior to its enactment, or if so intended, that it is unconstitutional; that, while the rank of local assessments levied after the passage of the section in question may be changed, they cannot be so changed to the detriment of the holder of the lien for general taxes, which, when acquired by the certificate holder, constituted a prior lien; and that, after the transfer of the lien from the state to the individual, evidenced by the certificate, the state thereafter has no more right to change the rank of that certificate than an individual would have to modify the terms of a contract after his rights under that contract had passed to a third party. He then insistently argues that a certificate issued prior to the enactment of the 1911 law is a contract between the state, acting through the county, and the purchaser of the certificate, by the terms of which the state agrees, by its then current statutes, that the purchaser has a lien upon the property described in the certificate and that such lien is prior to the lien of local assessments, and by the law and its own terms is guaranteed such priority. Respondent's position is

postulated almost entirely upon the theory of contractual relationship.

We cannot concede that contract is analogous to a proposition of this kind. To do so would be to invite a serious curtailment of the sovereign power of taxation—that power which is one of the supreme powers of the state. If we were to hold that the principle of contract applied in one instance in the field of taxation, we would logically be compelled to extend the whole of the principles of contract to the entire field of taxation. We have held consistently that taxation is a matter involving the sovereign power of the state and subject only to the limitations which that sovereignty has imposed upon itself, either in the constitutional or positive law of the state. To read into the operations of the tax laws the particular principles which form the accretion of judicial precedent in matters of individual relationship and of contract would be an unwarranted invasion of the legislative power. The power to tax includes the power to retax and impose other burdens of taxation upon the same subjects of taxation, at the will of the supreme taxing power. The power to levy special assessments for public improvements, according to the benefits, is delegated to the local authorities, but is wholly derived from the sovereign taxing power, and could assuredly be exercised in the first instance by it.

As this court has said in the case of *Tacoma Gas & Elec. Light Co. v. Pauley,* 49 Wash. 562, 95 Pac. 1103:

"Proceedings to foreclose a tax certificate are in the nature of proceedings *in rem,* and that they run against the property itself rather than the owner."

In the case of *Wabash East. R. Co. v. Commissioners of East Lake etc. Drainage Dist.,* 134 Ill. 384, 25 N. E. 781, 10 L. R. A. 285, the learned court observes:

"Special assessments are a species of taxation, peculiar in their nature it is true and subject to special rules. But the power to levy them is clearly referable to the taxing power. As said by Judge Cooley in his treatise on Taxation: 'That these assessments are an exercise of the taxing powers has over and over again been affirmed, until the controversy must be regarded as closed.' Cooley on Taxation, page 623, and authorities cited in note. It follows that the lien given by the statute in case of such assessments is of the same nature and subject to the same general rules as that given in the case of general taxes. A lien of this character attaches to the land itself, irrespective of the interests of the various owners, and is paramount to all other claims or liens against the property."

In the note to *Baldwin v. Maroney,* 30 L. R. A. (N. S.) p. 762, we read:

"It is within the power of the legislature not only to make the lien of a special assessment prior to mortgages given after the passage of a statute giving such liens superiority over prior mortgages, but even to give such liens priority over mortgages given before the passage of such a statute."

In 12 Corpus Juris, p. 967, it is said:

"Subject to express constitutional limitations the power of taxation is without limit as to rate or method and as to the objects on which it is exercised. There can be therefore no vested right in the continuance of any particular tax or method of taxation, or any vested right securing one against the imposition of new taxes or the levy on a new basis. A taxation statute which by its terms is made retroactive is within the power of the legislature, and is not void as disturbing vested rights."

The idea of contract as relating to taxation cannot be held to be other than a more or less appropriate analogy suggesting certain general similarities; we are constrained to hold that there is no contractual

relation between the sovereign power and an individual, firm, or corporation other than that which is evidenced by an agreement between the state and the individual, firm, or corporation, directly and exclusively.

This court cannot hold that the statutes which make the payment of general tax liens a condition precedent to foreclosing certificates of delinquency by implication prohibit the legislature from subsequently imposing upon such certificates, even when issued prior to such legislative action, subsequent valid local improvement assessments. To do so would be to allow any given act of the legislature at one time to indefinitely limit the future taxing power of the state.

The judgment must be and is reversed.

PARKER, MACKINTOSH, TOLMAN, and MITCHELL, JJ., concur.