[No. 15691.  Department Two.  April 8, 1920.]

SECURITY SAVINGS SOCIETY, *Respondent*, v. SPOKANE
COUNTY *et al., Appellants.*[1]

TAXATION (173)—CONSTITUTIONAL LAW (65, 77)—INTEREST ON
DELINQUENT TAXES—CHANGE OF LAW.  Laws 1917, p. 582, amending
Rem. Code, §§ 9219, 9252, 9253, 9259 and 9262, and reducing the rate
of interest on delinquent taxes from fifteen to twelve per cent, which
took effect June 8, 1917, operates upon certificates issued prior to
the taking effect.of the act, since the rights of the certificate holder
are not contractual and no vested rights are affected.

SAME (173)—STATUTES (85)—RETROACTIVE EFFECT—CHANGE IN
INTEREST CHARGE.  While Laws 1917, p. 582, reducing the rate of
interest on delinquent taxes, operates upon certificates issued prior
to the taking effect of the act, it is wholly prospective from and
after the date of its taking effect.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered October 10, 1919,
granting a writ of mandamus to compel a county treas-
urer to issue a redemption certificate upon the payment
of delinquent taxes and interest.  Affirmed.

*Joseph B. Lindsley* and *Fred J. Cunningham,* for ap-
pellants.

*P. C. Shine,* for respondent.

HOLCOMB, C. J.—A writ of mandate was granted by
the superior court of Spokane county, commanding
the treasurer of that county to issue and deliver to
plaintiff a redemption certificate upon the payment of
delinquent taxes and interest upon certain described
real estate.

The only question involved on this appeal is the
construction of ch. 142, Laws of 1917, p. 582, in re-
spect to its effect upon the rate of interest to be charged
upon taxes becoming delinquent subsequent to the

[1] Reported in 189 Pac. 260.

passage of the 1917 act. That act, in so far as this appeal is concerned, amended §§ 9219, 9252, 9253, 9259, and 9262, Rem. & Bal. Code, to the extent of changing the rate of interest specified in each of those sections from fifteen to twelve per cent. Upon which delinquent taxes a charge of fifteen per cent interest shall be made, and upon which taxes twelve per cent, is the determination which is here sought.

The law provides that, unless paid, taxes shall become delinquent after May thirty-first of each year. The old act further provides that interest at the rate of fifteen per cent per annum should be charged upon such unpaid taxes from date of delinquency until paid. The 1917 act provides that interest at the rate of twelve per cent per annum shall be charged upon such unpaid taxes from date of delinquency until paid.

The 1917 act came into effect on June 8, 1917. The taxes here in question became delinquent on June 1, 1917, and the certificate of delinquency was issued on or as of the same date. The order of the lower court allowed an interest charge of fifteen per cent on the original amount of the certificate up to and including June 7, 1917, and an interest charge of twelve per cent from and after June 8, 1917.

It is contended by appellant that the writ requiring the treasurer to reckon interest from two dates— the date of delinquency of the tax and June 8, 1917 —carried an unlawful method of computation. Appellant's argument seems to be that all taxes becoming delinquent prior to June 8, 1917, had attached to them a fixed interest charge of fifteen per cent which remained with them until redemption, regardless of any change in the law effective between their delinquency and their redemption. To concur with this argument we should be obliged to hold that the certificate holder's rights were contractual and became fixed as of the date

of the contract, that is, the certificate of delinquency. We are precluded from any such holding, however, for in *Everett v. Adamson*, 106 Wash. 355, 180 Pac. 144, in speaking of the relation between the holder of a certificate of delinquency and the county, we said:

"The respondent argues that the statute was not intended to apply to certificates issued prior to its enactment, . . . and that, after the transfer of the lien from the state to the individual, evidenced by the certificate, the state thereafter has no more right to change the rank of that certificate than an individual would have to modify the terms of a contract after his rights under that contract had passed to a third party . . . Respondent's position is postulated almost entirely upon the theory of contractual relationship.

"We cannot concede that contract is analogous to a proposition of this kind. To do so would be to invite a serious curtailment of the sovereign power of taxation—that power which is one of the supreme powers of the state. If we were to hold that the principle of contract applied in one instance in the field of taxation, we would logically be compelled to extend the whole of the principles of contract to the entire field of taxation. We have held consistently that taxation is a matter involving the sovereign power of the state and subject only to the limitations which that sovereignty has imposed upon itself, either in the constitutional or positive law of the state. To read into the operations of the tax laws the particular principles which form the accretion of judicial precedent in matters of individual relationship and of contract would be an unwarranted invasion of the legislative power."

Interest is merely a charge for the use or forebearance of money. In such case as this it has the character of both a penalty and an interest charge. As such the state may raise or lower it when it pleases. The state reduced it from and after June 8, 1917.

Maintaining that the *Adamson* case has no application to the issues in the present case, appellant says:

"Our contention on this phase of the subject is that the certificate holder should be reimbursed by the redemptioner for the amount of money he has actually invested in the certificate. If the purchase price of the certificate includes interest on delinquent taxes up to the time of the purchase at the rate of fifteen per cent per annum the certificate holder should, at least be reimbursed for that amount."

Under the writ as issued below, if the certificate of delinquency was purchased on or prior to June 7, 1917, the purchase price would include interest on delinquent taxes up to the time of the purchase at the rate of fifteen per cent per annum. If the certificate was purchased after June 7, 1917, the purchase price would include interest on the delinquent taxes up to and including June 7, 1917, at the rate of fifteen per cent per annum, and at the rate of twelve per cent per annum after that date. We are unable to follow appellant's argument that a purchaser will not be reimbursed for any moneys paid out under such a construction of the statute. If he purchased subsequent to June 7, 1917, and paid an interest charge of fifteen per cent per annum on the delinquent taxes from date of delinquency to date of purchase of certificate, the overpayment of interest subsequent to June 7, 1917, was made contrary to the law as it existed at the time he made the purchase, and his misapprehension as to the meaning of the law can in no way affect it.

Appellant further contends that such a holding, as the above discussion would indicate, makes the law retroactive, contrary to its positive inferences. The 1917 act could be considered retroactive, if at all, only so far as it related to interest charges after June 7, 1917, on delinquent taxes for the years 1915 and 1916. As has already been pointed out, however, the right of a purchaser to interest does not become fixed at the time

of the purchase of a certificate of delinquency.  The change as effected by the 1917 act was wholly prospective from and after June 8, 1917, the time it became effective.  *State ex rel. American Sav. Union v. Whittlesey,* 17 Wash. 447, 50 Pac. 119.

We are impelled to hold that the lower court was correct in its holding and in the granting of the writ and should be affirmed.  It is so ordered.

MOUNT, FULLERTON, BRIDGES, and TOLMAN, JJ., concur.