[No. 18,028.   Department Two.   July 18, 1923.]

I. M. NEWMAN, *Appellant*, v. COMMERCIAL WATERWAY DISTRICT No. 1, OF KING COUNTY, *Respondent*.[1]

NAVIGABLE WATERS (2-1)—CONSTITUTIONAL LAW (65, 68)—VESTED RIGHT—CHANGE OF REMEDIES—WATERWAY DISTRICTS—BONDS—ASSESSMENTS. The failure of the directors of a commercial waterway district to make the levies required by law to liquidate the bonds of the district at maturity, did not cancel the debt or relieve the property of its liability to be assessed, and the legislature could provide a new remedy without violating any constitutional right, since there is no vested right in a remedy.

NAVIGABLE WATERS (2-1)—WATERWAY DISTRICTS—ASSESSMENTS—REFUNDING BONDS—EXCEEDING BENEFITS—VALIDITY. Where a property owner in a commercial waterway district is given the choice of relieving his land from the outstanding burden of assessments for benefits by paying at once the balance of the adjudicated benefits remaining unpaid, he cannot complain of the adoption of the alternative of the issuance of refunding bonds, which, with the interest necessitated by the forbearance, will exceed the benefits of his land.

Appeal from a judgment of the superior court for King county, Brinker, J., entered April 30, 1923, denying an injunction against the issuance of refunding bonds of a commercial waterway district. Affirmed.

*Revelle, Revelle & Kells*, for appellant.

*Shorett, McLaren & Shorett* and *Peters & Powell*, for respondent.

FULLERTON, J.—The respondent, Commercial Waterway District No. 1, of the county of King, was organized pursuant to the provisions of the legislative enactment of February 9, 1911 (Laws of 1911, p. 11 *et seq.*; Rem. Comp. Stat., § 9724 *et seq.*). After its organization, the district, also acting pursuant to the provisions of the same statute, ascertained the maximum benefits

[1]Reported in 217 Pac. 9.

which would accrue to the several tracts of property of the district by the construction of the system of waterways contemplated by its organization. These benefits were found to aggregate the sum of $1,813,419. The waterway system was subsequently constructed by the district, and to meet the cost of construction, the district issued bonds, chargeable to the property of the district, at the following times and in the following amounts: December 1, 1913, $500,000; December 1, 1914, $100,000; May 1, 1916, $200,000; June 1, 1916, $100,000; December 1, 1917, $221,500; all of such bonds being payable "not more than ten nor less than five years" after their respective dates of issuance. Assessments have been made and collected upon the property of the district equal to 49 1/6 per cent of the total maximum benefits, and out of this sum the annual interest accruing on all of the bonds and $223,500 on the principal of the first issue have been paid. It will thus be seen that, while none of the bonds issued are due in the sense that ten years have expired since the date of their issue, all of them are payable by the district in virtue of the five-year limitation.

Section 38 of the act of 1911 (Laws of 1911, p. 41), as amended in 1913 (Laws of 1913, p. 124, § 9), prior to the issuance of any of the bonds, reads as follows:

"Beginning five years before said bonds shall become due, the commissioners of such commercial waterway district issuing them are hereby authorized and required to levy four annual assessments each equal to twenty-five percent of the total amount necessary to liquidate said bonds at maturity; such assessments shall be collected by the county treasurer and kept as a separate fund for the sole purpose of liquidating said bonds in accordance with the provisions of the following section." Rem. Comp. Stat., § 9764.

The commissioners of the district did not make the levies contemplated by this section of the act, and in consequence the district has no fund from which it can take up the bonds maturing on December 1, 1923, and it is now too late, under the limitation of the quoted section, to make assessments sufficient to take up at their maturity those issued in the years 1914 and 1916.

The legislature in 1923 passed an act intended to relieve this and similar situations. Laws of 1923, p. 97. The act contains the following provisions:

"Section 1. In case any Commercial Waterway district heretofore organized under the laws of this State shall have heretofore issued and sold bonds of said District, and any part of said bonds shall, at the time of the passage of this Act, be outstanding and unpaid, and such district shall have failed to levy any assessments required by law to be levied for the liquidation of said bonds against the maximum benefits pledged by law for the payment thereof, such District may issue and sell as hereinafter provided, refunding coupon bonds of said District and from the proceeds thereof pay off and redeem any of such bonds then outstanding.

"Sec. 2. Such refunding bonds and coupons for interest may be executed, issued and sold in such denomination, form and manner, and for such amount and rate of interest as bonds are by existing law authorized to be executed, issued and sold by such Districts, except as herein otherwise provided. Such refunding bonds shall mature twelve years from the date of their issuance, but shall be payable before maturity as hereinafter provided.

"Sec. 3. Prior to the issuance of any such refunding bonds, the Board of Commissioners of the District shall assess and levy upon the lands and property benefited, or to be benefited by the improvement constructed or to be constructed by the District such amount of the maximum benefits theretofore established by judgment to be a charge against such lands and property and still leviable, as in the judgment of such board will

raise and yield under the terms hereof sufficient moneys to enable such District to call, pay off, redeem or refund such outstanding bonds and to pay the principal and interest of such refunding bonds as may be issued all· as herein provided: *Provided,* Always that the amount so assessed and levied, together with the amounts theretofore assessed and levied against any land or property shall. not in the aggregate exceed the amount of maximum benefits so established against such land or property.  Such assessment or assessments shall be made, levied and collected in the same manner and shall constitute a lien on such lands and property of the same kind, effect, rank and priority as is now provided by law in case of assessments levied upon said lands against such maximum benefits, except as herein otherwise provided.  Such lien shall attach and become effective against each such tract or lot of land or property for the full amount of the assessment levied against the same with interest as hereinafter provided, from and after the time of the serving upon the county assessor of the notice of levy. Notice of any such levy shall be served upon the county assessor as aforesaid on or before the first day of October, of the year in which such levy shall be made.

"Sec. 6.  Any assessment so levied upon any lot or tract of land or property may be paid in full without interest at any time before the expiration of thirty :days from the date of the levy thereof, and if not so paid the same shall be payable in ten equal annual installments thereafter beginning with the year next succeeding the year in which such levy shall be made, with interest at the rate of seven per cent per annum from the date of such levy.  The first installment shall include interest on the assessment from the date of levy until the first day of January of the second succeeding year and the installment for each calendar year thereafter shall include interest for that year on the unpaid balance of the assessment.  The installment of each year shall fall due at the time of the falling due of general taxes for that year:  *Provided,* That the balance of any such assessment at any time remaining unpaid may be paid at any time not less than thirty

days prior to the date when the next installment of interest on said refunding bonds is payable, by paying the balance of the principal of the assessment then remaining unpaid with interest to such next succeeding interest date; and may be paid at any time less than thirty days prior to such next succeeding interest date by paying the principal of such balance with interest to the date of the second succeeding interest date."

Section 7 (Laws of 1923, p. 100), provides that the proceeds of all such assessments as shall be paid pursuant to the levy contemplated in the quoted sections shall be used for the sole purpose of paying and redeeming outstanding bonds, and provides that no refunding bonds shall be issued until after the expiration of the thirty-day period and then for such amount only as shall be necessary to redeem the outstanding bonds remaining after the application of the assessments paid to the redemption of such bonds. The remaining sections of the act relate to procedure and require no special notice.

After the passage of the act, the commissioners of the waterway district here involved began proceedings through its commissioners preliminary to taking advantage of its provisions, whereupon the present action was begun to enjoin it from so doing. The trial court denied injunctive relief, and this appeal is from the judgment embodying its conclusions.

An examination of the figures before given will show that, while the amount of the maximum adjudicated benefits remaining uncollected now exceeds the amount of the outstanding obligations, the margin of difference is not great, and that refunding bonds to the amount of such obligation, maturing twelve years from the date of their issuance, although payable in ten annual installments, will, if they bear the ordinary rate of interest, exceed the amount of the uncollected benefits.

Based on this fact, and the further fact that the proviso to § 3 of the act of 1923 limits the amount that can be levied and assessed to the property of the district to the amount of the benefits, it is contended that the act cited was either not intended to apply to a district in the situation of this one, or the act is unconstitutional as applied to such a district.

But we are not persuaded that these objections are tenable. Under § 38 (Laws of 1911, p. 41), of the statute above quoted, it was doubtless the duty of the commissioners of the district to begin five years before the bonds of the district matured and levy four annual assessments, each equal to twenty-five per cent of the total amount necessary to liquidate the bonds at maturity, but their failure so to do did not cancel the debt nor did it relieve the property of its liability to be assessed. The method and time of levying the assessment was a matter of remedy rather than a matter of vested right, and when the remedy pointed out failed, no matter whatsoever may have been the cause, it was within the power of the legislature to provide another. That the state may adopt new remedies for the collection of taxes or assessments when those formerly enacted fail of their purpose without any violation of the constitution, either Federal or state, is not a matter of doubt. The taxpayer has no vested right in the existing mode of collecting taxes. There is no contract between him and the state that the latter will not vary such mode, and so long as no fundamental right of the taxpayer is invaded, he cannot complain of a variation in the mode. *Everett v. Adamson,* 106 Wash. 355, 108 Pac. 144.

There is here no violation of a fundamental right in so far as the proposed levy is concerned. Under the statute as it existed at the time of the issuance of the

outstanding bonds, the full amount of the unpaid bene-
fits could have been levied and collected prior to this
time by the commissioners acting in accordance there-
with, and it is not a violation of any fundamental right
to now provide for their levy and collection in one lump
sum.

Nor will the issuance of refunding bonds, even though
they may in the way of additional interest exceed the
maximum benefits to the property on which they are
made a charge, violate any fundamental right of the
landowner.   Had the statute directed their issuance
without the consent of the property owners, or with-
out giving such owner an opportunity to relieve his
land from the charge prior to their issuance, it might
be that the owner would have a just cause for com-
plaint.  *Behrens v. Commercial Waterway District No.
1.*, 107 Wash. 155, 181 Pac. 892, 185 Pac. 628.   But the
present statute gives him that opportunity.   He may
relieve his land from the charge of the outstanding
obligations, and any further obligations the district can
impose thereon, by paying at once the balance remain-
ing unpaid of the adjudicated benefits.   It is, there-
fore, of his own volition whether he pays a sum in
excess of such benefits.   He has his choice either to
pay at once the principal sum, or take a forbearance
and pay interest necessitated by the forbearance.

It is our conclusion, therefore, that the statute of
1923 is applicable to the situation of this district, and
that the statute is not unconstitutional as applied
thereto.   The judgment is affirmed.

MAIN, C. J., PARKER, PEMBERTON, and TOLMAN, JJ.,
concur.