[No. 20423-8-I.   Division One.   October 24, 1988.]

THE CITY OF SEATTLE, ET AL, *Respondents*, v. KING COUNTY, ET AL, *Appellants.*

*Norm Maleng, Prosecuting Attorney,* and *Jack Johnson, Deputy,* for appellants King County, et al.

*Douglas N. Jewett, City Attorney,* and *Jorgen Bader* and *Philip Mortenson, Assistants,* for respondent City of Seattle.

*Ronald C. Dickinson, City Attorney,* for respondent City of Mercer Island.

*Sandra Driscoll, City Attorney,* and *Bill Williamson, Assistant,* for respondent City of Kent.

GROSSE, J.—Appellants appeal from a summary judgment entered May 11, 1987, requiring King County (County) to pay to the respondent cities (cities) the interest earned on property tax receipts for the period of time between the deposit of those funds by the County and the date of disbursement to the cities. Appellants also appeal the award of damages in excess of $2 million, representing the amount of interest unpaid during the preceding 2 years.

The King County Treasurer (treasurer) is the ex officio collector of the taxes for the cities. RCW 36.29.100. The treasurer receives property tax payments on behalf of the cities and deposits them as they are received in interest bearing accounts. At the end of each calendar month the treasurer determines the total accumulated taxes collected for each fund of each taxing district. On the 10th day of the following month the County disburses the apportioned funds to the respective cities. At the time of disbursal of the funds to the cities the treasurer does not include sums representing the interest paid by the banks. Instead, that interest is deposited in the County general fund for appropriation and expenditure by the County.

The cities of Mercer Island, Kent, and Seattle, at various times, gave directions to the treasurer to invest the undisbursed property tax funds for their respective benefits. The County refused to comply with these directives. After filing claims, the cities filed a lawsuit alleging that the County's practice violated state statutes and the state constitution. Cross summary judgment motions were heard by the trial court. The trial court entered judgment in favor of the cities, awarded damages in the amount of the interest collected for the preceding 2 years, but declined to award prejudgment interest. The County appeals the judgment.

The cities cross–appeal the denial of prejudgment interest and application of the 2–year statute of limitation to the award of damages.

What is at issue is entitlement to the interest paid by depositary banks on undistributed and undisbursed city property tax receipts. In awarding summary judgment to the cities, the trial court applied RCW 36.29.020 which provides in pertinent part:

> Any municipal corporation may by action of its governing body authorize any of its funds which are not required for immediate expenditure, and which are in the custody of the county treasurer or other municipal corporation treasurer, to be invested by such treasurer in savings or time accounts . . .: *Provided,* Five percent of the interest or earnings, with an annual maximum of fifty dollars, on any transactions authorized by each resolution of the governing body shall be paid as an investment service fee to the office of the county treasurer or other municipal corporation treasurer when the interest or earnings become available to the governing body . . .
>
> Whenever the funds of any municipal corporation which are not required for immediate expenditure are in the custody or control of the county treasurer, and the governing body of such municipal corporation has not taken any action pertaining to the investment of any such funds, the county finance committee shall direct the county treasurer to invest, to the maximum prudent extent, such funds or any portion thereof in savings or time accounts . . . The interest or other earnings from such investments or deposits shall be deposited in the current expense fund of the county and may be used for general county purposes. . . .

The County attempts to create an ambiguity in this statute by arguing that the operative term of RCW 36.29.020, "funds which are not required for immediate expenditure", cannot include funds held by the county treasurer which have not been distributed or disbursed and which, consequently, are not available for use or investment by the cities. However, the fact that the depositary banks apparently use these funds and pay interest for that use necessarily

means that the funds are available for investment.[1] Moreover, the County does not appear to have legislative authority to invest and receive interest on the cities' funds unless the deposits are of "public funds available for investment". RCW 39.58.130.[2] Thus, the logical extension of the County's argument would appear to prevent it, as well as the cities, from receiving interest on these property tax receipts.

While we do not accept the County's interpretation of the phrase "funds which are not required for immediate expenditure", we are not prepared to say that RCW 36.29-.020 is clear and unambiguous in its application to the funds at issue. Ascertaining the intent and purpose of the Legislature as it pertains to this situation is difficult. The statute was enacted to address concerns over the sizeable amount of residual cash in the various county treasuries that remained idle and uninvested due to inaction on the part of the various municipal corporations to whom the funds belonged. *See* AGO 23, at 4 (1967). It seems apparent that what the Legislature intended was to secure an appropriate return on apportioned but undisbursed municipal tax receipts. What is not apparent is who the Legislature intended that return to benefit. We are faced with an issue

---

[1]The common and ordinary definition of "investment" is "an expenditure of money for income or profit . . ." or "the commitment of funds with a view to minimizing risk and safeguarding capital while earning a return . . ." *Webster's Third New International Dictionary* 1190 (1981) while "interest" is the charge for the use of money. *Security Sav. Soc'y v. Spokane Cy.*, 111 Wash. 35, 37, 189 P. 260 (1920).

[2]The County argues that under the first paragraph of RCW 36.29.020, with respect to undisbursed funds, the cities do not bear the risk of loss on the investment and therefore should not enjoy the benefit of investment by the County. Although the issue of who bears the risk of loss is not before us, a reasonable interpretation of RCW 36.29.020 could put the risk of loss for an investment directed by the municipality on the municipality. RCW 36.29.110 which requires the county treasurer to turn over all city taxes collected and RCW 36.29.100 which requires the county treasurer as ex officio tax collector to post a bond in favor of the city can be harmonized with imposing the risk of loss on the city for investments which it authorizes. *See also* RCW 39.58.140 on liability of treasurer for loss due to depositary failure or default.

that the Legislature has not directly addressed and, thus, must look to other authorities.

The County relies on *State ex rel. Port of Seattle v. Gaines,* 109 Wash. 196, 186 P. 257 (1919), to support its general position that the County is entitled to retain the interest. In that case, the Supreme Court allowed King County to retain interest resulting from the deposit of port district money in certain depositary banks. *Gaines* is inapposite because the holding was based on statutes that have been repealed.[3] Also inapposite is *Independent Sch. Dist. 1 v. Board of Cy. Comm'rs,* 674 P.2d 547 (Okla. 1983), cited by the County to support the position that RCW 36.29.010 only applies to apportioned funds. Indeed, a careful reading of the case indicates that it supports the position of the cities. The Oklahoma court held that interest earned on local taxes invested prior to apportionment and distribution to the school district could not be paid into the county's general fund. Two statutes arguably applied. The court held that one statute, which allowed investment by the district of money that could not be used for the purpose for which they were to be expended, only applied to apportioned money. The ultimate holding was premised on another statute, the state constitution and the rule of law that interest is an accretion to the principal fund earning it, absent legislation to the contrary. The County argues that this court must give great weight to the statewide practice of the county treasurers not paying interest under the instant circumstances. The County argues that its practice qualifies as a long course of custom and administrative construction in which the Legislature acquiesced and, therefore, it is highly indicative of legislative intent. The County cites *State ex rel. Pirak v. Schoettler,* 45 Wn.2d 367, 274 P.2d 852 (1954). There, the Supreme Court

---

[3]Rem. Code § 5074, Laws of 1907, ch. 51, § 3, *amended by* Laws of 1933, 1st Ex. Sess., ch. 45, § 1, *as further amended by* Laws of 1963, ch. 4, § 36.48.030, and *repealed by* Laws of 1969, ch. 193, § 30.

resolved an ambiguity between two statutes that both arguably regulated reef nets. The court did this by referring an administrative interpretation that was not repudiated by the Legislature in later statutory amendments increasing the number of prohibited fishing devices.

When a statute is ambiguous, the construction placed upon it by the officer or department charged with its administration, while not binding on the courts, is entitled to considerable weight in determining the intention of the legislature.

The persuasive force of such an interpretation is strengthened when the legislature, by its failure to amend a statute, "silently acquiesces" in the administrative interpretation. This is particularly true when, as here, the section is subsequently (1) considered by the legislature, (2) amended in some other particular, and (3) the administrative construction of the section is not repudiated.

(Citations omitted.) *Pirak,* at 371–72.

■ RCW 36.29.020 has been amended at various times to change the types of investments that can be made. However, unlike *Pirak* where the amendments pertained to the issue at bar, the amendments to RCW 36.29.020 did not pertain to the issue in the instant case. Therefore, we are not inclined to accept the long–standing practice of the counties as determinative.

■ Because we question whether the Legislature intended RCW 36.29.020 to apply to undistributed, undisbursed city tax receipts and because there is no other statutory authority allowing the County to retain the interest, we must look to the common law. The judgment in the instant case is supported by the common law principle that interest on public funds follows the ownership of those funds. *Grand Rapids Pub. Schs. v. Grand Rapids,* 146 Mich. App. 652, 381 N.W.2d 783 (1985). Washington case law is consistent. In *Tacoma Sch. Dist. 10 v. Hedges,* 13 Wash. 69, 70–71, 42 P. 522 (1895), the court stated:

[I]n the absence of any direction by the statute, the penalty and interest would follow the taxes upon which they

were assessed. It follows that, if our statute contains no direction as to the disposition of the penalty and interest, they must be apportioned to the several funds included in the tax upon which they are collected.

See also State ex rel. Thayer v. Mish, 13 Wash. 302, 43 P. 40 (1895).

We believe the basic principles set forth above outweigh the force of the construction placed on the statute by the counties. There is no question as to the ownership of city taxes collected by the County. RCW 36.29.110 provides that "[a]ll city taxes collected shall belong to the city". Therefore, interest earned on those taxes collected also belongs to the city.

■ We agree with the County that the rule of law announced in this case should apply prospectively only. As a result we need not reach the merits of the arguments on sovereign immunity, prejudgment interest, and the statute of limitation. Since Gaines, King County and other counties have retained the interest from deposits of cities' funds, and the cities apparently acquiesced. Opinion letters of the Attorney General have corroborated the County's position that it is entitled to the interest at issue. Although the statutes which were at the heart of the opinion were repealed, the decision in Gaines has not heretofore been reexamined. Also, RCW 36.29.020 is ambiguous in its application to the funds at issue. This decision distinguishes Gaines and various opinions of the Attorney General on which the County has justifiably relied for its long-standing practice of retaining the interest earned on the type of funds at issue. Retroactive application of our holding would have a great financial and administrative impact on the counties. In this circumstance, prospective application of our ruling is warranted. Cascade Sec. Bank v. Butler, 88 Wn.2d 777, 567 P.2d 631 (1977); see also State ex rel. Washington State Fin. Comm. v. Martin, 62 Wn.2d 645, 384 P.2d 833 (1963).

We affirm the declaratory judgment but reverse the damage awards.

SWANSON and WILLIAMS, JJ., concur.

Review denied by Supreme Court February 28, 1989.