Honorable Brian Sonntag Washington State Auditor PO Box 40021 Olympia, WA 98504-0021
Dear Auditor Sonntag:
By letter previously acknowledged, you have requested our opinion on two questions, which we paraphrase as follows:
 1. Does RCW 36.29.020 allow a county treasurer to allocate the interest earned on investment of a county's own funds into the county current expense fund, or does this statutory provision apply only to the funds of other municipal corporations that are held by a county treasurer?
 2. If RCW 36.29.020 applies to county funds, what statutory language is necessary to indicate legislative intent that interest on certain county funds must remain with those funds, rather than be allocated into the county current expense fund?
 BRIEF ANSWER
The answer to your first question is yes. Counties are municipal corporations (or quasi-municipal corporations), and are generally authorized under RCW 36.29.020 to allocate interest earned on investment of county funds into the county current expense fund. In answer to your second question, we conclude that specific legislative intent is necessary to override the authorization granted to counties in RCW 36.29.020. We have found such intent in three particular statutes set forth below, all of which specifically state that interest earned on fund investments or balances must remain with those funds. We conclude that the other statutes referenced in your opinion request, also set forth below, do not specifically restrict the use or
[original page 2] allocation of interest earnings, and do not indicate legislative intent to override the authorization in RCW 36.29.020.
 ANALYSIS 1. Does RCW 36.29.020 allow a county treasurer to allocate theinterest earned on investment of a county's own funds into the countycurrent expense fund, or does this statutory provision apply only to thefunds of other municipal corporations that are held by a countytreasurer?
RCW 36.29.020 is a lengthy statute that addresses the custody and investment of funds belonging to counties and municipal corporations.[1] The statute begins as follows:
 The county treasurer shall keep all moneys belonging to the state, or to any county, in his or her own possession until disbursed according to law. . . . Any municipal corporation may by action of its governing body authorize any of its funds which are not required for immediate expenditure, and which are in the custody of the county treasurer or other municipal corporation treasurer, to be invested by such treasurer. . . .
The statute authorizes investments in several enumerated instruments, and provides that five percent of the earnings on each transaction authorized by the governing body, with an annual maximum of fifty dollars, shall be paid as an investment service fee to "the office of the county treasurer or other municipal corporation treasurer." RCW 36.29.020 then provides:
 Whenever the funds of any municipal corporation which are not required for immediate expenditure are in the custody or control of the county treasurer, and the governing body of such municipal corporation has not taken any action pertaining to the investment of any such funds, the county finance committee shall direct the county treasurer, under the investment policy of the county treasurer to invest, to the maximum prudent extent, such funds or any portion thereof . . . or deposit such funds . . . PROVIDED . . . The interest or other earnings from such investments or deposits shall be deposited in the current expense fund of the county and may be used for general county purposes. The investment or deposit and disposition of the interest or other earnings therefrom authorized by this paragraph shall not apply to such funds as may be prohibited by the state Constitution from being so invested or deposited.
(Emphasis added.) Your first question is whether the italicized language quoted above generally allows the county treasurer to allocate interest earned on a county's own funds into the county current expense fund, or whether this provision applies only to the funds of other municipal corporations.
[original page 3]
At the outset, we note that the starting point for analysis is the common law rule that "interest follows principal." Washington LegalFound. v. Legal Found. of Washington,271 F.3d 835, 874 (9th Cir. 2001), affirmed sub nom., Brown v. LegalFound. of Washington, 538 U.S. 216 (2003). Otherwise stated, "interest on public funds follows the ownership of those funds," unless a statute dictates differently. City of Seattle v. King Cnty.,52 Wn. App. 628, 633, 762 P.2d 1152 (1988). As set forth in TacomaSchool District 10 v. Hedges,13 Wash. 69, 70-71, 42 P. 522 (1895) — which considered the disposition of penalties and interest earned on taxes —
 in the absence of any direction by the statute, the penalty and interest would follow the taxes upon which they were assessed. It follows that, if our statute contains no direction as to the disposition of the penalty and interest, they must be apportioned to the several funds included in the tax upon which they are collected.
Here, however, RCW 36.29.020 states that interest earned on certain funds shall be deposited into the county current expense fund: namely, the "funds of any municipal corporation" for which the relevant governing body has taken no action relating to investment.
The question then is whether a county is a municipal corporation, and thus, subject to this statutory provision. We conclude that the answer is yes. Several Washington cases confirm this interpretation. In Broyles v. Thurston County, 147 Wn. App. 409, 428, 195 P.3d 985 (2008), the court stated: "A county is a municipal corporation authorized by law to exercise powers the State grants to it. . . . [A] municipal corporation, such as a county, can act only through its agents." Similarly, in King County v. Tax Commission,63 Wn.2d 393, 398, 387 P.2d 756 (1963), the County argued that it was not a municipal corporation, as is a city or town, but merely a political subdivision of the state. The court disagreed noting, "[w]e have held in at least two cases that a county is a municipal corporation, or at least a quasi-municipal corporation." Id.; accordPierce Cnty. v. Thompson,82 Wash. 440, 442-43, 144 P. 704 (1914) (county is a municipal corporation under article 1, section 16 of the state constitution);Lincoln Cnty. v. Brock, 37 Wash. 14, 17, 79 P. 477 (1905) (same);State ex rel. Eastvold v. Yelle,46 Wn.2d 166, 172, 279 P.2d 645 (1955) (county is a municipal corporation); see also 1 Eugene McQuillin, MunicipalCorporations § 2.46 (3d ed., rev. vol. 1999) (several states have held that counties are municipal corporations).
Other language within RCW 36.29.020 also supports this conclusion. In particular, as set forth above, the statute directs that an investment fee be paid to "the office of the county treasurer or other
municipal corporation treasurer." RCW 36.29.020 (emphasis added). This clearly implies that a county is one type of municipal corporation (as are cities, towns, and special purpose districts). Were this not so, then the inclusion of the word "other" would be superfluous. Statutes should be construed in a manner that gives meaning and effect to each word in the statute, and leaves no portion superfluous, unless the result of obvious misstate or error. Cox v. Helenius,103 Wn.2d 383, 387-88, 693 P.2d 683 (1985).
[original page 4]
We are aware of legislative history that refers only to disposition of interest earned on funds of cities and taxing districts.[2] As noted in City of Seattle, 52 Wn. App. at 631, "[t]he statute [RCW 36.29.020] was enacted to address concerns over the sizeable amount of residual cash in the various county treasuries that remained idle and uninvested due to inaction on the part of the various municipal corporations to whom the funds belonged." However, because the statutory language used is "municipal corporation," which Washington courts have construed to include counties, we conclude, in answer to your first question, that RCW 36.29.020 generally allows the county treasurer to allocate the interest earned on investment of a county's own funds into the current expense fund.
2. If RCW 36.29.020 applies to county funds, what statutorylanguage is necessary to indicate legislative intent that interest oncertain county funds must remain with those funds, rather than beallocated into the county current expense fund?
Your second question asks, in light of the answer to your first question, what statutory language is necessary to indicate legislative intent that interest on certain county funds must remain with those funds, rather than be allocated into the county current expense fund.
At the outset, we note that the last sentence of RCW 36.29.020 provides that the investment and deposit of interest or other earnings into the county current fund "shall not apply to such funds as may be prohibited by the state Constitution from being so invested or deposited." Thus, any applicable constitutional prohibitions would take precedence over this statute.
In addition, rules of statutory construction dictate that where there are two statutes in conflict, one of which is general and the other specific, the more specific statute controls. Hallauer v. SpectrumProps., Inc., 143 Wn.2d 126, 146, 18 P.3d 540 (2001). RCW 36.29.020 is a general statute governing the disposition of interest earned on the investment of county and other municipal corporation funds, and states that such interest shall be placed in the county current expense fund and may be used for general county purposes. However, where there are more specific statutes, applicable to particular county funds, that specifically require that interest earned on those funds remain with such funds, such specific statutes are given precedence and override the general statutory language of RCW 36.29.020.
The question then is what type of language is necessary in order for a more specific statute to prevail over the general rule established by RCW 36.29.020. As the Washington Supreme Court has explained, the rule that a more specific statute controls over a general statute applies only when the statutes irreconcilably conflict.Hallauer, 143 Wn.2d at 146. The
[original page 5] common law rule that "interest follows principal" no longer applies in this instance, in light of the general authorization in RCW 36.29.020 to allocate interest into the county current expense fund.[3] Notwithstanding this general authorization, however, the legislature has made clear in certain other statutes that interest earned on certain funds must remain with those funds.
You have referenced two such statutes in the materials submitted with your opinion request. First, RCW 73.08.080, pertaining to the veterans' assistance fund, provides in relevant part: "Expenditures from the veterans' assistance fund, and interest earned on balances from thefund, may be used only for [specific authorized purposes and administrative costs]." RCW 73.08.080(1) (emphasis added). Second, RCW 81.100.080, pertaining to the high occupancy vehicle system fund, provides in relevant part: "Funds collected under RCW 81.100.030 or 81.100.060 and any investment earnings accruingthereon shall be used by the county or the regional transportation investment district in a manner consistent with the regional transportation plan only for [specific enumerated costs and purposes]." RCW 81.100.080(1) (emphasis added). In addition, we note a third statute, RCW 41.16.050, which creates in each municipality a fund designated as the firefighters' pension fund, "which shall consist of: (1) All bequests, fees, gifts, emoluments, or donations given or paid thereto; (2) twenty-five percent of all moneys received by the state from taxes on fire insurance premiums; (3) taxes paid pursuant to the provisions of RCW 41.16.060; (4) interest on the investments ofthe fund; and (5) contributions by firefighters as provided for herein. . . ." (Emphasis added.) In all three of these instances, the legislature has, by clear and express language, indicated that interest earned on specific funds must remain with those funds and be used only for purposes associated with those funds. Such language, in our opinion, must be given precedence over the more general language of RCW 36.29.020.
Your opinion request also references several other statutes that contain statutory language concerning the use of moneys in various funds. The language in these statutes, however, is far less precise, and none of them expressly set forth restrictions on the disposition of interest earned on invested or deposited funds.
 First, you refer to RCW 36.38.010(5), which levies an admissions tax for a stadium and exhibition center and states in relevant part:
 Revenues collected under this subsection
shall be deposited in the stadium and exhibition center account under RCW 43.99N.060 until the bonds issued under RCW 43.99N.020 for the construction of the stadium and exhibition center are
 [original page 6]
 retired. After the bonds issued for the construction of the stadium and exhibition center are retired, the tax authorized under this section shall be used exclusively to fund repair, reequipping, and capital improvement of the stadium and exhibition center.
RCW 36.38.010(5) (emphasis added). This language makes no reference to interest, but only to "[r]evenues collected under this subsection" and "the tax authorized under this section." RCW 36.38.010(5). One approach to construing this statute would be to look to the dictionary definition of "revenue," to see if it could include accrued interest. "In the absence of a specific statutory definition, words in a statute are given their common law or ordinary meaning." State v. Chester,133 Wn.2d 15, 22, 940 P.2d 1374 (1997). Among several potential definitions, "revenue" can mean "the annual or periodical yield of taxes, excises, customs, duties, and other sources of revenue that a nation, state, or municipality collects and receives into the treasury for public use: public income of whatever kind." Webster's Third International Dictionary 1942 (2002). "Revenue," therefore, could be construed to include accrued interest and not merely the proceeds of the tax itself.
Our task, however, is to harmonize the more specific statute, RCW 36.38.010(5) with the more general statute, RCW 36.29.020. "The construction of two statutes shall be made with the assumption that the Legislature does not intend to create an inconsistency." State ex rel.Peninsula Neighborhood Ass'n v. Dep't of Transp.,142 Wn.2d 328, 342, 12 P.3d 134 (2000). "Statutes are to be read together, whenever possible, to achieve a harmonious total statutory scheme . . . which maintains the integrity of the respective statutes."Id. In this instance, the general rule is established by RCW 36.29.020, which provides for sweeping certain interest into the county current expense fund. The question, accordingly, is not merely how to construe the word revenue in RCW 36.38.010(5), but how to reconcile the latter statute with the general rule set forth in RCW 36.29.020.
While the term revenue in RCW 36.38.010(5) could be given a broader reading, this is not the only reasonable reading of the statute. As noted above, when the legislature has intended to require that interest remain with a particular fund, it has expressly said so by providing that interest or investment earnings shall remain in the fund.See, e.g., RCW 73.08.080; RCW 81.100.080; RCW 41.16.050 (each of which are discussed above). The question, accordingly, is not merely whether a particular construction of the word revenue in RCW 36.38.010(5) might be reasonable in isolation, it is whether RCW 36.38.010(5) irreconcilably conflicts with the more general statute, RCW 36.29.020. This is not an example of two statutes in irreconcilable conflict. Hallauer, 143 Wn.2d at 146. Thus, RCW 36.29.020 controls, and authorizes interest from this fund to be allocated into the county current expense fund.[4]
 [original page 7]
Second, you refer to RCW 67.28.1815, which authorizes a lodging tax and states:
 [A]ll revenue from taxes imposed under this chapter shall be credited to a special fund in the treasury of the municipality imposing such tax and used solely for the purpose of paying all or any part of the cost of tourism promotion, acquisition of tourism-related facilities, or operation of tourism-related facilities.
RCW 67.28.1815 (emphasis added). Again, this statute refers only to revenue from "taxes imposed," without any reference to interest earned. For the same reasons that we applied previously to our consideration of RCW 36.38.010(5), we do not think this language overrides the authorization in RCW 36.29.020 to allocate interest earned on these funds into the county current expense fund.
Third, you refer to RCW 82.46.010(1), which states that a county or city legislative authority "shall identify in the adopted budget the capital projects funded in whole or in part from the proceeds of thetax authorized in this section." The statute further states:
 [R]evenues generated from the tax imposed under this subsection in counties over five thousand population and cities over five thousand population that are required or choose to plan under RCW 36.70A.040 shall be used solely for financing capital projects specified in a capital facilities plan element of a comprehensive plan and housing relocation assistance under RCW 59.18.440 and 59.18.450. . . .
RCW 82.46.010(2) (emphasis added). You also point to RCW 82.46.070, which authorizes a real estate excise tax and states: "The proceeds of the tax shall be used exclusively for the acquisition and maintenance of conservation areas." RCW 82.46.070(1) (emphasis added). There is a distinction between the "proceeds of the tax," or the revenues "generated from the tax," on the one hand, and interest earned on the investment of tax proceeds, on the other. We do not believe the language of either of these two statutes, which makes no reference to interest earnings, irreconcilably conflicts with the authorization in RCW 36.29.020 to allocate interest earned on these funds into the county current expense fund. Hallauer,143 Wn.2d at 146.
Finally, you refer to the statutes governing the county equipment rental and revolving fund. RCW 36.33A.050 sets forth the charges and proceeds that may be deposited into the fund. RCW 36.33A.060 then provides:
 Moneys accumulated in the equipment rental and revolving fund shall be retained therein from year to year; shall be used only for the purposes stated in this chapter; and shall be subject to the budgetary regulations in chapter 36.40 RCW.
 [original page 8]
RCW 36.33A.060 (emphasis added). While this statute presents a closer call than those previously mentioned, we conclude that it, likewise, does not indicate a legislative intent to override the language of RCW 36.29.020. As with our earlier consideration of the word revenue, it would be possible to construe the phrase "Moneys accumulated" broadly enough to include interest or investment returns. "Accumulation" can be defined to mean "[t]he increase of a thing by repeated additions to it; esp., the increase of a fund by the repeated addition of the income that it creates." Black's Law Dictionary 24 (9th ed. 2009). This construction would suggest that RCW 36.33A.060 could be construed to prohibit sweeping interest and investment returns into the county current expense fund. It does not, however, establish that this is the only reasonable construction of the term, such that RCW 36.33A.060 would irreconcilably conflict with the authorization to sweep the interest set forth in RCW 36.29.020. Hallauer,143 Wn.2d at 146. The legislature, had it wished to limit the use of interest earned on fund investments or deposits, could have clearly done so, as it has in the case of the veterans' assistance fund, the high occupancy vehicle system fund, or the firefighters' pension fund. It has not done so, and we conclude that RCW 36.29.020 applies to interest earned on investments or deposits of the county equipment rental and revolving fund. To state the matter differently, RCW 36.33A.060 can be reconciled with RCW 36.29.020 by construing the reference to "Moneys accumulated" in the fund to refer to the charges and proceeds deposited into the fund pursuant to RCW 36.33A.050, with no mention of interest.See Peninsula Neighborhood Ass'n,142 Wn.2d at 342 (statutes should be harmonized when possible).
In summary, under RCW 36.29.020, the legislature has generally authorized counties, which are municipal corporations, to allocate interest earned on the investment of county funds into the county current expense fund. However, where the legislature has specifically indicated contrary intent to restrict the use or allocation of interest earnings, as it has done in the three instances noted above (RCW 73.08.080(1), RCW 81.100.080(1), and RCW 41.16.050), such specific restrictions control. This does not purport to be an exhaustive statutory list, and the legislature may, of course, amend the laws in the future if it wishes to restrict the allocation of interest earned on other county funds. We do not believe, however, that the use of general statutory language, not expressly referring to restrictions on interest earnings, is sufficient to indicate legislative intent to override the authorization granted by RCW 36.29.020.
We trust that you will find the foregoing to be of assistance.
ROB McKENNA Attorney General
GREGORY J. TRAUTMAN Assistant Attorney General
wros
[original attachment]
RCW 36.29.020 — Custodian of moneys — Investment of funds not required for immediate expenditures — Service fee.
The county treasurer shall keep all moneys belonging to the state, or to any county, in his or her own possession until disbursed according to law. The county treasurer shall not place the same in the possession of any person to be used for any purpose; nor shall he or she loan or in any manner use or permit any person to use the same; but it shall be lawful for a county treasurer to deposit any such moneys in any regularly designated qualified public depositary. Any municipal corporation may by action of its governing body authorize any of its funds which are not required for immediate expenditure, and which are in the custody of the county treasurer or other municipal corporation treasurer, to be invested by such treasurer. The county treasurer may invest in savings or time accounts in designated qualified public depositaries or in certificates, notes, or bonds of the United States, or other obligations of the United States or its agencies, or of any corporation wholly owned by the government of the United States; in bankers' acceptances purchased on the secondary market, in federal home loan bank notes and bonds, federal land bank bonds and federal national mortgage association notes, debentures and guaranteed certificates of participation, or the obligations of any other government sponsored corporation whose obligations are or may become eligible as collateral for advances to member banks as determined by the board of governors of the federal reserve system or deposit such funds or any portion thereof in investment deposits as defined in RCW 39.58.010 secured by collateral in accordance with the provisions of chapters 39.58 and 39.59 RCW: PROVIDED, Five percent of the earnings, with an annual maximum of fifty dollars, on each transaction authorized by the governing body shall be paid as an investment service fee to the office of the county treasurer or other municipal corporation treasurer when the earnings become available to the governing body: PROVIDED FURTHER, That if such investment service fee amounts to five dollars or less the county treasurer or other municipal corporation treasurer may waive such fee.
If in the judgment of the governing body of the municipal corporation or the county treasurer it is necessary to redeem or to sell any of the purchased securities before their ultimate maturity date, the governing body may, by resolution, direct the county treasurer pursuant to RCW 36.29.010(8) to cause such redemption to be had at the redemption value of the securities or to sell the securities at not less than market value and accrued interest.
Whenever the funds of any municipal corporation which are not required for immediate expenditure are in the custody or control of the county treasurer, and the governing body of such municipal corporation has not taken any action pertaining to the investment of any such funds, the county finance committee shall direct the county treasurer, under the investment policy of the county finance committee, to invest, to the maximum prudent extent, such funds or any portion thereof in savings or time accounts in designated qualified public depositaries or in certificates, notes, or bonds of the United States, or other obligations of the United States or its agencies, or of any corporation wholly owned by the government of the United States, in bankers' acceptances purchased on the secondary market, in federal home loan bank notes and bonds, federal land bank bonds and federal national mortgage association notes, debentures and guaranteed certificates of participation, or the obligations of any other government sponsored corporation whose obligations are or may become eligible as collateral for advances to member banks as determined by the board of governors of the federal reserve system or deposit such funds or any portion thereof in investment deposits as defined in RCW 39.58.010 secured by collateral in accordance with the provisions of chapters 39.58 and 39.59 RCW: PROVIDED, That the county treasurer shall have the power to select the specific qualified financial institution in which the funds may be invested. The interest or other earnings from such investments or deposits shall be deposited in the current expense fund of the county and may be used for general county purposes. The investment or deposit and disposition of the interest or other earnings therefrom authorized by this paragraph shall not apply to such funds as may be prohibited by the state Constitution from being so invested or deposited.
[1] A full copy of RCW 36.29.020 is attached for ease of reference.
[2] The portions of RCW 36.29.020 at issue here were added to the statute by amendment in 1967. Laws of 1967, ch. 173, § 1. We are aware that the legislative history of this amendment includes floor debate relating to the disposition of interest earned on funds of cities and taxing districts located within the county (as opposed to interest earned on county funds). See House Journal, 40th Leg., Reg. Sess., at 943 (Wash. 1967). We do not believe, however, that this discussion is inconsistent with the inclusion of counties as entities that are likewise "municipal corporations" under the statute.
[3] Alternatively, one might argue that RCW 36.29.020 should be construed narrowly, as a statute that deviates from the common law.Carson v. Fine, 123 Wn.2d 206, 213, 867 P.2d 610 (1994) (A statute in derogation of the common law "is to be construed strictly, and limited to its purposes."). RCW 36.29.020, however, states broadly the authority of county treasurers to deposit into the county general expense fund interest or other investment earnings on other funds. The relationship between RCW 36.29.020 and other statutes governing specific funds does not depend upon the question of whether the common law has been abrogated, and thus is not dependent upon a principle of strict construction of RCW 36.29.020. Rather, the issue becomes one of determining whether two statutes irreconcilably conflict, such that some other, more specific, statute must control over the general rule set forth in RCW 36.29.020. Hallauer, 143 Wn.2d at 146.
[4] RCW 36.38.010(5) requires that revenue collected under that subsection be "deposited in the stadium and exhibition center account under RCW 54.99N.060 untill the bonds issued underRCW 43.99N.020 . . . are retired." The reference to the retirement of bonded indebtedness suggests at least the possibility that the interest earned on this revenue might be pledged in support of bond repayment. If this is the case, then it is possible that the interest may be contractually committed to that purpose, and accordingly could not be transferred to the county current expense fund.